STRYKER v. RIVERS.

1. Practice: CHANGE OF VENUE: COSTS. Where a change of venue had been granted, and the costs were ordered to be paid by the applicant, upon whose failure to discharge the same the order granting the change was set aside and judgment by default rendered, *held*, that although the costs were subsequently re-taxed, and their amount paid by the applicant, this did not entitle him to have the default set aside and the change of venue again granted.

*Appeal from Polk Circuit Court.*

SATURDAY, OCTOBER 20.

THE facts are stated in the opinion.

*John D. Rivers, pro se.*

No argument for appellee.

SEEVERS, J.—Action commenced in the Circuit Court. The defendant applied for a change of venue to the District Court of the same county. The application was sustained, and the following entered of record: "In this cause the motion for change of venue is sustained and this cause is transferred to the District Court for Polk county, Iowa, and it is ordered by the court that the costs, amounting to $1.75, be paid by the applicant for the change of venue, and that execution issue therefor." Afterward, on January 6, 1877, the order granting the change was, on motion of the plaintiff, set aside, for the alleged reason the same had never been perfected by the payment of the costs caused thereby, and a judgment for amount due plaintiff rendered against defendant. On the 17th day of February the defendant filed a motion to "re-tax the costs alleged to have been caused by reason of the change of venue," and on the first day of March, 1877, he filed a motion to set aside and vacate the default and judgment, and to set aside the order vacating the change of venue. These motions were overruled, except the costs were so re-taxed that defendant was only required to pay twenty-five cents by reason of the change of venue. To this action of the court exceptions were taken.

The Code (section 3781) provides: "The clerk of the District or Circuit Court shall be entitled to charge and receive the following fees: * * For entering any rule or order, twenty-five cents"; and section 2596, that "all costs caused thereby," that is, by the change, "shall be paid by the applicant, and no change shall be deemed perfected until such costs are paid." If not so perfected by the morning of the second day after it was granted, or before the cause is reached for trial, if sooner reached, it "will be deemed waived and the cause tried as though no such order had been granted." Code, § 2594.

The court made an order granting the change of venue. For this the clerk was entitled to charge and receive twenty-five

*1. PRACTICE: change of venue: costs.*

cents.    The same was not paid by the morning of the second day thereafter, and the change was thereby waived and the right of the court to proceed as if no change had been granted must, under the statute, be undoubted.    The defendant paid the twenty-five cents when the motion to re-tax was disposed of, but this could not have the effect to perfect the change, for the simple reason that the statute provides otherwise.

The fact that the clerk never had charged or taxed any costs in cases of a like character previous to the time when this action on his part was taken can make no difference.    If the clerk did not know the law previously, such fact cannot excuse the defendant.   It was his place to know what the law was in this respect.   The absence of the defendant when the order making the change was entered furnishes no excuse.    It was his duty to be there, and he gives no reason why he was not.    Besides, if he had been it could not have made any difference.

AFFIRMED.