## ROSETTA OAKLEY V. JAMES DUNN.

*Justices of the peace—Removal of cause—Tender of costs and fees— Counter-affidavit of plaintiff—Return of justice to certiorari.*

1. After filing a sufficient affidavit for the removal of a cause from a justice of the peace for trial under How. Stat. § 6937, the defendant may remain passive until the justice has taxed the costs; but if he omits to make such taxation, he should be requested so to do by the defendant, and his full fees paid or tendered, before he can be placed in fault and error assigned for his non-action.

2. Until all of the statutory conditions have been complied with, the justice to whom application is made for the transfer of a case under How. Stat. § 6937, will retain jurisdiction, and among these conditions is the *payment* or *tender* of the *costs* which have so far accrued, and the *fee* for making the transcript.

3. Where the docket entries made by a justice in a case recited the filing of an affidavit to transfer the suit, "and tender of costs made," but his return to a writ of *certiorari* sufficiently explained that the tender of the accrued costs and transcript fee was *not* made, nor were these fees paid,—
   *Held*, that the return must govern in the appellate court.[1]

4. A *counter-affidavit* cannot be received in reply to an affidavit filed under How. Stat. § 6937, for the removal of a cause pending before a justice of the peace.

Error to Clinton. (Smith, J.) Argued October 22, 1886. Decided November 4, 1886.

Certiorari by defendant from judgment of justice rendered after filing of statutory affidavit for removal of cause. Affirmed. The facts are stated in the opinion.

———————————————————————

[1]See *Weaver v. Lammon*, 62 Mich. 366.

*J. O. Selden* (*Spaulding & Barker,* of counsel), for appellant.

*Cook & Daboll,* for plaintiff.

SHERWOOD, J. The plaintiff in this case sued the defendant in an action of trespass for injury done to her crop. The cause was commenced before a justice of the peace in Clinton county.

After the plaintiff had filed her declaration, the defendant made and filed with the justice the following affidavit, entitled in the cause:

"James Dunn, the defendant in this cause, being duly sworn, says that the said justice of the peace, William N. Stoker, has advised with the said plaintiff, Rosetta Oakley, in respect to the subject-matter of the above-entitled cause.

"JAMES DUNN.

"Subscribed and sworn to before me this twenty-eighth day of October, 1885.

"CHARLES M. MERRILL,
"Justice of the Peace."

The defendant then asked that the cause be removed to some other justice for trial, claiming that he was entitled to such removal under How. Stat. § 6937, which reads as follows:

"If, before joining issue in any cause, the defendant, or his agent or attorney, shall make and file with the said justice an affidavit, stating that the justice before whom the same is pending is a material witness for such defendant, without whose testimony he cannot safely proceed to the trial thereof, and shall state in said affidavit the facts he expects to prove by said justice, or shall make and file, as aforesaid, an affidavit that the said justice has advised or counseled with the plaintiff in respect to the subject-matter of said cause, the justice shall forthwith make in his docket an entry of the filing of such affidavit, and an order that the suit, and all papers relating thereto, be transferred to one of the nearest justices of the peace in the same county, who is not of kin to either party, sick, absent from town, or interested in the event of said suit, either as counsel or otherwise, which jus-

tice shall be named in said order; and such transfer shall forthwith be made by such justice; and the justice to whom such transfer shall be made shall thereupon proceed to hear, try, and determine the cause in the same manner as if the suit had been originally commenced before him, and with like effect; or the said justice may, in the order aforesaid, in his discretion, postpone the hearing of said cause to such time as he shall see fit, not exceeding five days, at which time the justice to whom the cause is transferred shall attend, and proceed to hear, try, and determine said cause, as afore-said: *Provided*, that the defendant shall pay to the justice making such order of transfer the costs which have so far accrued, and as taxed by said justice, together with fifty cents for such transcript, and the sums so paid shall be recovered by the said defendant against the plaintiff, in addition to his other costs, if he finally prevail in said cause."

The defendant, however, failed to pay to the justice the costs in the case up to the time the motion for removal was made, and the fee of fifty cents for making a transcript of his proceedings and the order of transfer, and the justice thereupon retained jurisdiction, and tried the case, rendering judgment for the plaintiff.

The defendant removed the case to the circuit court for review. It was heard before Judge Smith in the Clinton circuit, and the judgment of the justice was affirmed.

The defendant's counsel insist that upon filing the affidavit the justice had no further jurisdiction than to tax the costs, and, if paid, to transfer the case to another justice.

Until all the conditions upon which the statute allows a removal have been complied with, the justice before whom the cause was commenced will retain jurisdiction. In this case it appears that the defendant did not request the justice to tax the costs at the time the affidavit was made and filed, or ask him how much they were, but said he was ready to pay them, and laid a dollar upon the justice's table, and told the justice to take his costs out of that. He never paid or offered to pay the fees for making the transcript. This, we think, was not a sufficient compliance with the statute to ob--

tain the removal of the cause. The statute requires both of these amounts to be paid or tendered, and it does not appear that the dollar was sufficient to pay even the costs. The copy of the docket sent up under the order of the court says, "a tender of the costs made;" but the return sufficiently explains that the tender was not made, and by that we must be governed.

It is true, as claimed by counsel, that defendant may, after filing the affidavit, if sufficient, remain passive until the justice has taxed the costs; but, if the justice omits to make the taxation, he should be requested to do so by the party desiring the removal, and his full fees paid or tendered, before the justice can be placed in fault and error be assigned for his non-action.

In the defendant's motion for an amended return he requested the justice to state what reason, if any, he gave for not transferring the suit. The following were the two interrogatories upon that subject:

"1. Did you, at any time after the affidavit for transfer was filed, and before you rendered judgment, tell the defendant, or any one, in open court, that you would not transfer the suit?

"2. If so, what reason, if any, did you give for not transferring the suit?"

To the first question the justice answered, "Yes;" and to the second, as follows:

"The reasons I gave in court were as follows: After her affidavit denying the [cause for] removal was filed, and her denial under oath of his affidavit of transfer, I asked Mr. Dunn for further evidence, and he said he had not got any; and the defendant not paying the costs, nor paying or offering fifty cents for the transfer, I said I would not transfer the cause."

Of course, the counter-affidavit was improper; but if the action refusing the transfer was within the statute, and we

63 MICH.—32.

think it was, it was of no consequence whether he gave the right or wrong reason for taking such action.

The record in this case discloses several things in the action of the justice, whether occurring from ignorance or design, that are not commendable, but not such as to render the ruling erroneous. Courts should extend every facility to parties to obtain a fair and impartial trial of their causes in all cases.

There may be some question whether or not the affidavit in this case was sufficient. I am inclined to think the substance of what was said by the justice, constituting the advice or counsel complained of, should be stated, that the justice may be better informed whether it was or not "in respect to the subject-matter of the cause;" but, as that question does not necessarily arise, it is not now passed upon.

The judgment at the circuit must be affirmed.

CAMPBELL, C. J., concurred. CHAMPLIN, J., concurred in the result.

MORSE, J. (*dissenting*). I think the judgment in this case ought to be reversed. It is evident to me that the return of the justice is evasive, and that he did not act fairly towards the defendant. It appears also from his return that he did not tax the costs. The defendant laid down a silver dollar, and requested him to take his costs out of it, and said he was willing to pay the costs to date, but no more. It then became the duty of the justice to tax the costs, and inform the defendant how much they were. Instead of that he went on, retaining jurisdiction, and gave judgment against defendant. The plaintiff was there, with his attorney, directing proceedings, while the defendant was without counsel.

It was claimed by defendant in his affidavit for *certiorari* that he held out three dollars in the open palm of his hand to the justice, and told him he was ready to pay all costs to date, and his fee for the transfer, and that thereupon the counsel for plaintiff spoke, and said:

"I object to your honor taking any money, as I intend to show that the court never advised with Mrs. Oakley, and I expect to go on with the case here. All you can do is to enter on your docket that Mr. Dunn tendered the money."

This the justice denies in his return, but the entry of his docket sent up with his return, and a part thereof, contradicts him. This is the docket entry:

"Cause called. Parties appear, defendant in person, plaintiff by counsel. Affidavit to transfer suit filed by defendant, *and tender of costs made.* Denial to the above affidavit filed by the plaintiff. Rosetta Oakley sworn. Testifies that she has never counseled or advised with the said justice of the peace. The defendant refuses to make further proof for removal. Application for removal denied."

It is very clear to my mind that this docket entry, made at the time of the transaction, is true. The removal was not denied because of a refusal or neglect to pay costs, but because the justice determined, by oral proof in rebuttal of defendant's affidavit, that he had not advised or counseled plaintiff. This he could not do. When the affidavit was filed, and costs tendered, his jurisdiction ended. To allow the matter to be tried and determined in this way would defeat the object and purpose of the statute. Any justice who would counsel and advise the plaintiff in a case before him would not hesitate, if the chance were given him, to deny the motion for removal. If the defendant makes a false affidavit, the remedy of plaintiff to prosecute for perjury is open and effective.

I am satisfied the defendant made a perfect cause for removal, and that he was not well used in the justice's court. He should have had redress in the circuit.