STATE ex. rel. GALLAGHER v. THIRD JUDICIAL DISTRICT COURT FOR SALT LAKE COUNTY et al.

**No. 1884. Decided April 8, 1908. On Application for Rehearing, November 9, 1909 (104 Pac. 750).**

1. JUSTICES OF THE PEACE—JURISDICTION—CHANGE OF PLACE OF TRIAL. Under Rev. St. 1898, section 3669, as amended by Sess. Laws 1905, p. 108, c. 92, section 1, providing that on the filing by defendant in justice's court of an affidavit averring his non-residence in the precinct wherein the action is brought, etc., the court must change the place of trial without motion therefor, and its jurisdiction ceases except to transfer the cause to the proper justice, the filing by defendant of the affidavit deprives the court of all jurisdiction, except for the transfer of the cause to the proper justice, and it cannot make the change conditional on payment of accrued costs, notwithstanding section 3672, providing that the party applying for a change of venue on one or more of the grounds mentioned in section 3669 as it originally stood must pay the costs that have accrued up to the time of the order of transfer. (Page 73.)

2. JUSTICES OF THE PEACE—APPEAL—JURISDICTION OF COURT ON APPEAL. Where a justice's court was ousted of jurisdiction over a cause except to change the place of trial, the district court on appeal from the justice's judgment could acquire no jurisdiction. (Page 75.)

ON REHEARING.

3. CONSTITUTIONAL LAW — JURISDICTION OF COURTS — LEGISLATIVE POWER. The question of conferring or withholding jurisdiction is legislative, and not judicial; courts being created, and their jurisdiction and powers determined, either by the Constitution or by statute. (Page 89.)

4. JUSTICES OF THE PEACE—JURISDICTION—STATUTES. Const., art. 8, section 8, authorizing the Legislature to fix by law the powers, duties, and compensation of justices' courts and restrict the jurisdiction of such courts, authorizes the legislature to determine of what matters, and when and how, justices' courts shall acquire and exercise jurisdiction, and to provide, as in Sess. Laws 1905, p. 108, c. 92, section 1, for a change of place of trial on the affidavit of defendant averring nonresidence, and to make such affidavit conclusive on the parties and the justice. (Page 89.)

5. STATUTES—CONSTRUCTION—LEGISLATIVE INTENT. The courts, in construing statutes, must declare the intention of the legislature as manifested by what it said in view of the object sought to be attained, and when the intention is clear, the ordinary rules of construction fail. (Page 90.)

6. STATUTES — REPEAL — CONFLICT BETWEEN EARLIER AND LATER STATUTES. Where there is any conflict or incongruity between an earlier and a later statute on the same subject, the later, and not the earlier, controls, and it is the earlier and not the later act that is modified. (Page 90.)

7. JUSTICES OF THE PEACE—CHANGE OF PLACE OF TRIAL—STATUTES. Sess. Laws 1905, p. 108, c. 92, section 1, amending Rev. St. 1898, section 3669, by adding a new ground for which the place of trial of actions in justice's courts may be changed, does not affect the grounds stated in the section as it stood before the amendment. (Page 90.)

STRAUP, J., dissenting.

Original application for mandamus by the state, on the relation of P. W. Gallagher, against the Third Judicial District Court for Salt Lake County and the judge thereof and another.

WRIT DENIED.

*E. A. Walton* for petitioner.

*F. B. Scott* and *F. C. Loofbourow* for respondents.

McCARTY, C. J.

On December 23, 1903, relator commenced an action in the justice's court of Murray City, Salt Lake County, Utah, against John Wood, to recover the sum of $33.20 with interest thereon from July 15, 1901. Summons was issued the same day the action was commenced, but was not served until January 19, 1907—more than three years after it was issued. On January 26, 1907, the defendant in that action filed his affidavit for a change of venue. The affidavit recited that at the time of the commencement of said action defendant was not a resident of the precinct in which the action was brought, but that he resided and still resides at Lehi City, Utah County, Utah; that he did not contract to perform the obligation in the precinct where the action was commenced; that the particular place, if any, in which he contracted to perform the obligation was Pocatello, Idaho. On February 11, 1907, the justice of the peace made and entered on his docket the following order: "Upon reading affidavit of defendant, and it appearing to me therefrom to be a proper case for change of venue, it is hereby ordered that this cause be transferred to Lehi City, Utah, upon payment of all costs and transcript charges herein." Costs were neither paid nor tendered. On March 12, 1907, the justice of the peace made an order vacating the order of transfer because of the non-payment of costs, and entered the default of defendant and rendered judgment against him and in favor of plaintiff. Thereafter, and within the time allowed by law, respondent appealed to the district court from the judgment entered in the justice's court. After the case was docketed in the district court, respondent moved said court to dismiss the action on the ground that the said justice's court was ousted of jurisdiction by the filing of the affidavit

for change of venue. The court sustained the motion and dismissed the action. Appellant made a motion to reinstate the case, which motion the court denied. Thereupon appellant applied to this court for a writ of mandate to compel the district court to reinstate said couse and proceed to try the same on its merits.

It is urged on behalf of relator that, respondent Wood having failed to pay the costs that had accrued in the action, the justice was warranted in setting aside the order theretofore entered transferring the cause to another precinct, and in proceeding to try the case on its merits. It is also contended that the affidavit filed by respondent Wood did not deprive the justice of jurisdiction of the subject-matter of the action, and that, therefore, even if it be conceded that the action of the justice in setting aside the order transferring the cause to another precinct were erroneous, it was mere error only, and it did not render the judgment void. Section 3668, Rev. St. 1898, so far as material here, provides:

"Actions in justices' courts *must be commenced,* and, subject to the right to change the place of trial as in this chapter provided, *must be tried:* . . .

(8) When a person has contracted to perform an obligation at a particular place and resides in another county, precinct, or city—in the precinct or city in which such obligation is performed, or in which he resides.

(9) When the parties voluntarily appear and plead without summons—in any precinct or city in the state."

Section 3669 provides that the court must at any time before trial, *on motion,* change the place of trial in the following cases—specifying five different grounds upon which a change of venue may be allowed. Section 3672 provides that the party applying for a change of venue upon one or more of the five grounds mentioned in section 3669 must pay the costs that have accrued in the action up to the time the order of transfer of the case is made. By an examination of section 3669, Rev. St. 1898, it will be seen that no provision is made therein for the transfer of an action which has been

commenced in the wrong county, precinct, or city, to a justice of the peace of the precinct where the defendant resides, or where the obligation sued on was to be performed. In 1905 the legislature amended this section (3669) by adding thereto another subdivision. The amendment, so far as material here, is as follows:

"6. When none of the parties defendant resided in the precinct in which said action is brought at the time it was commenced, and when any party defendant makes and files an affidavit to the effect that at the time of the bringing of the action none of the parties defendant were residents in the precinct wherein said action is brought and that the party making the affidavit did not contract to perform the obligation in said precinct and setting forth the place of his residence at the time of the bringing of the action and the particular place, if any, where he contracted to perform the obligation. Said affidavit shall be conclusive upon the parties to the action and upon the justice as to the particular place, if any, where the defendant contracted to perform the obligation, and also as to the residence of the defendants at the time of the bringing of the action. . . . Where the affidavits filed under this provision show that at the time of the bringing of said action all the defendants resided elsewhere than within the precinct wherein said action was brought, the court *must change the place of trial without motion being made therefor*, and his jurisdiction over said action shall cease, upon the filing of such affidavit, for all purposes, except that his jurisdiction shall continue for the sole purpose of transferring such case to the justice of the peace to whom such action is transferred." Section 1, c. 92, p. 108, Sess. Laws 1905.

It will thus be seen that section 3669, as amended, provides that the court must *"motion"* change the place of trial when one or more of the first five grounds therein mentioned are shown to exist, and must "on payment by the party applying of all costs that have accrued" transmit all papers, etc., to the justice's court to which the case is transferred, while subdivision six (the amendment) of said section provides that upon the filing of an affidavit by the defendant as therein provided the court "must change the place of trial *without motion* being made therefor;" that is, the defendant, without applying for a change of venue, may, by filing the affidavit mentioned, arrest the proceedings of the justice of

the peace. In other words, the filing of the affidavit ousts the justice of the peace of all jurisdiction "except that his jurisdiction shall continue for the sole purpose of transferring such case" to some other justice's court. In fact we think it is plain that the statute does not contemplate that when the defendant files an affidavit as provided in the amendment, he shall be considered as applying for a change of venue, because it is expressly provided that in such case "the court must change the place of trial *without motion* being made therefor." The recital in the affidavit in this case "that he (defendant) desires this action transferred from the justices of the peace McOmie and Durrand" can have no bearing whatever on the question involved. The most that can be claimed for it is that the defendant desired the justice to do that which it was his plain duty under the statute to do. It necessarily follows, from what we have said, that the filing of the affidavit in question deprived the justice of the peace of all jurisdiction to further proceed in the case. The only thing that the justice was authorzed to do in the premises after the filing of the affidavit was to transfer the cause to some other justice's court. And he was not warranted in making the change conditional upon the payment of accrued costs by respondent Wood. While the justice might have declined to transmit the papers until the costs were paid, as stated, he had no authority to make the change conditional upon the payment of costs.

A number of cases involving practically this same principle have been before the Supreme Court of California. The statutes of that state provide that "no action heretofore or hereafter commenced shall be further prosecuted, and no further proceedings shall be had therein, and all actions heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced on its own motion or on motion of any party interested therein, . . . unless summons shall have been issued within one year, and all such actions shall be in like manner dismissed unless summons shall be served and return thereon made within three years after the commencement of said action."

(3 Kerr's Cal. Code Civ. Proc., sec. 581a.) In the case of *Modoc L. & L. Co. v. Superior Court,* 128 Cal. 255, 60 Pac. 848, the complaint was filed September 5, 1896, and summons was issued September 4, 1897, and served on defendant August 5, 1899, and returned September 16, 1899, three years and eleven days after the action was commenced. Defendant moved the court to dismiss the action on the ground that more than three years had elapsed since the commencement of the action and the summons had not been served and return thereon made. The court denied the motion, and proceeded to try the case and to render judgment thereon. Thereupon defendant applied to the Supreme Court for a writ of prohibition. In the course of the opinion the court says:

"The court is deprived of jurisdiction to take any other action than to dismiss the cause, whether one day or many days elapse before its attention is called to the subject. The declaration that 'no further proceedings shall be had therein' is a statutory prohibition against any further proceedings; and, if the court should assume to act in disregard of this prohibition of the statute, it would be acting without any jurisdiction."

Likewise, in the case of *Swortfiguer v. White,* 141 Cal. 576, 75 Pac. 172, there was no service and return made of the summons within three years after the case was commenced, and, on motion of the defendant, the action was dismissed. In an opinion affirming the judgment of dismissal the Supreme Court says:

"There having been no service and return made of the summons within three years from the commencement of the action, or appearance within that time by any of the defendants, that action was practically put an end to, and it was the imperative duty of the court to have dismissed it at the expiration of three years from its commencement. . . . The order and judgment entered March 23, 1900, dismissing the action from which this appeal is taken, was in accordance with the imperative command of the law."

In each of the following cases the same question was presented, either on appeal or by application for writ of prohibition, and the same ultimate conclusion arrived at by the

court as was announced in each of the cases just cited, namely, that the superior court was deprived of jurisdiction for all purposes except to dismiss the case: *Vrooman v. Li Po Tai,* 113 Cal. 302, 45 Pac. 470; *White v. Superior Court,* 126 Cal. 245, 58 Pac. 450; *Siskiyou Co. Bank v. Hoyt,* 132 Cal. 81, 64 Pac. 118 *Sharpstein v. Eells,* 132 Cal. 507, 64 Pac. 1080; *Grant v. McArthur,* 137 Cal. 270, 70 Pac. 88. And, furthermore, the authorities hold that when a justice's court has once been divested of jurisdiction, it cannot be restored. (24 Cyc. 489; *Kelley v. Taylor,* 17 Pick. [Mass.] 218; *Brown v. Kellogg,* 17 Wis. 490; *Telephone Co. v. Boylan,* 86 Iowa 90, 52 N. W. 1122.)

Therefore the action of the justice in setting aside the order granting a change of venue, and then proceeding to try the case, was something more than mere error. It was an unauthorized attempt on his part to regain control over an action of which he had been completely divested of all jurisdiction, except to transmit the files and papers to the justice's court to which the change of venue had in effect been granted. Hence it necessarily follows that the justice of the peace, in proceeding to try the case, acted without jurisdiction, and the judgment entered by him was absolutely null and void. The justice's court, having been completely ousted of all jurisdiction over this particular case, except for the purpose hereinbefore mentioned, the district court could not acquire jurisdiction by appeal. It therefore very properly dismissed the action for want of jurisdiction.

The writ applied for is therefore denied. Costs to respondents.

FRICK, J. (concurring).

I concur with the Chief Justice in the conclusion reached by him. In view, however, that the decision in this case establishes a rule of practice to be followed hereafter with respect to the jurisdiction of justices' courts in a certain class of cases, I feel constrained to enlarge somewhat on the discussion he has made.

Section 3668, so far as material here, provides that "actions in justices' courts must be commenced, and, subject to the right of change of place of trial as in this chapter provided, must be tried" in the places which are specifically designated in 10 subdivisions of the section. In cases like the one under consideration it is provided that the action must be commenced and tried in the "precinct in which he (the defendant) resides." The statute, therefore, fixes the place where actions in justices' courts *must be commenced and tried,* subject always to the right of a change of place of trial as provided by law. Up to the year 1905 section 3669 specified five causes for which a change of place of trial could be had, but in that year a sixth cause was added by amendment. I remark here that, if the provisions of section 3668 had been strictly followed this sixth ground would not have been necessary, because an action like the one in question could not have been commenced in a precinct other than the one in which the defendant resided, and could have been tried in another precinct only upon a change of the place of trial for one of the other five causes referred to. But, under the practice pursued in justices' courts, actions were sometimes commenced in any precinct of the county, whether the cause of action arose or the defendant resided there or not. By this method of procedure a defendant in an action was sometimes required to go a long distance, and at great expense to defend in a justice's court. Recognizing this practice, and to give such a defendant the full benefit of having his case tried at home, the legislature adopted the amendment set forth in the opinion of the Chief Justice. The question presented, therefore, involves the construction of this amendment. This, it seems to me, must be done in the light afforded by all of the provisions contained in the several sections which in some way pertain to the subject-matter. The introductory part of the section to which the amendment of 1905 was added is as follows: "The court must at any time before the trial, on motion, change the place of trial in the following cases." Then follow five grounds, for either one of which such a change may be had. The first is when it is made to

appear that the justice is a material witness for either party; the second arises by reason of the interest, prejudice, or bias of the justice which prevents either party from having a fair and impartial trial; the third, in case a jury is demanded, and it is averred by either party that a fair and impartial trial cannot be had on account of the bias or prejudice of the citizens residing in the precinct; the fourth is available in case the justice is disqualified from acting; and the fifth, and last, when the justice is sick and unable to act. The first three grounds must be made to appear by affidavit, and must be established to the satisfaction of the justice. The last two, being within his knowledge, required no special proof. Section 3671 provides that, "when the court orders the place of trial to be changed, the action must be transferred for trial to a court the parties may agree upon, and, if they do not so agree, then to another justice's court in the same county." Section 3672, so far as material, provides: "The justice ordering the transfer must immediately transmit to the justice of the court to which it is transferred, on payment by the party applying of all costs that have accrued, all the papers in the action together with a certified transcript from his docket of the proceedings therein." In 1905 another section, designated as section 3671-a, was adopted. Section 3671, as quoted above, was not changed, and left the place of trial, if changed upon any one of the five grounds mentioned, precisely the same; but in section 3671-a the place where the trial must take place, in case the affidavit provided for in the amendment is filed, is specially designated.

In this case it is made to appear that the defendant in the original action did not pay any costs, either when he filed the affidavit or at any time. It is now insisted that the justice had authority to proceed with the case and enter judgment, notwithstanding the affidavit ousting him of jurisdiction, because a change of the place of trial could only be had upon payment of accrued costs. With this contention I cannot agree. It will be observed that the right of the justice to proceed further in the action is arrested upon the filing of

the affidavit. In asking for a change of place of trial for any of the first five grounds it is done upon motion, but for the last such a motion is dispensed with. Again, where an affidavit is required for any one of the first five grounds, it must be made to appear to the satisfaction of the justice that the alleged cause specified therein exists, but not so under the sixth or new ground. Under this ground the facts stated in the affidavit are expressly made conclusive, both upon the parties and the justice, and the language of the statutes is that "the court must change the place of trial without motion being made therefor, and his jurisdiction over said action shall cease, upon the filing of such affidavit, for all purposes, except that his jurisdiction shall continue for the sole purpose of transferring such case to the justice of the peace to whom such action is transferred." The change is thus ordered by the statute and not by the justice.

When must the change be made? Upon the filing of the affidavit. When is the justice divested of jurisdiction? The answer again is: At the moment the affidavit is filed. The cases which hold, therefore, that where costs are imposed upon the party applying for a change, the justice does not lose jurisdiction until the costs are paid have no application to this case. In the amendment the legislature imposed one condition, and one only, upon which depended the right to a change of the place of trial, and which, at the same time, ousted the justice of jurisdiction, or to proceed further in the action upon its merits. As I view it, to now impose an additional condition amounts to judicial legislation, pure and simple. In construing any statute or amendment thereto the real purpose the framers had in view must be kept in mind. As I have attempted to show, under a fair construction of section 3668 the original action was not rightfully nor properly brought in Murray City. The defendant could not have been sued there without his consent. If he was properly served and made no appearance, his consent would have been conclusively presumed; and, in case he appeared and participated in the trial, he would have expressly consented. But where one files the affidavit provided for in the amendment

under consideration, he expressly refuses to consent, and the
court is powerless to proceed without it.   Why should a de-
fendant under such circumstances be required to pay costs?
The legislature evidently thought that he should not, for the
reason that they ousted the justice of jurisdiction, and re-
quired that he must change the place of trial without motion,
after the affidavit is filed.   If the change of place of trial is
asked upon any other ground, it must be for some special
reason, and not because the defendant is not rightfully suable
at the place where the action is commenced.   The defendant
being rightfully sued there, but wanting a change, there is
much reason in the contention that he should be required to
pay the court costs before a change is made.   But what reason
is there for requiring a defendant to pay costs in an action
that was not rightfully commenced against him?   The plain-
tiff knew all this when he commenced the action, and he, and
not the defendant, should be required to bear the burden.
Moreover, it robs the amendment of nearly all of its force to
require the defendant to pay the costs of commencing the
action in the wrong precinct.   The cost of obtaining service
upon him, and the cost of serving witnesses, for, as it appears,
a change of place of trial can be demanded at any time be-
fore trial, may amount to a considerable sum, and, in certain
instances, and under peculiar circumstances, may amount to
a denial of the right which the legislature has made absolute,
and not conditional.   It is quite true that all the provisions of
the statute relating to one subject should be construed to-
gether, whether contained in one or several sections.   But it
is equally true that, where a general condition is imposed by
one section which is applicable to a number of things, the
legislature may add other things to which the condition has
no application.   In my judgment this is just what the legis-
lature intended and did in adopting the amendment referred
to above.

Nor can the argument prevail that the defendant waives
the right to a change of the place of trial by not paying the
costs.   The justice is divested of all power to proceed upon the
filing of the affidavit, and the right to proceed does not con-

tinue until the costs are paid. The contention that the justice has jurisdiction of the subject-matter, and that therefore, his acts after the affidavit is filed are merely erroneous, is, to my mind, fallacious. The effect of the affidavit, in my judgment, is analogous to the effect of a petition for a removal of a case from the state to the Federal Court by one having the right of removal. The state court is ousted of all jurisdiction upon the filing of the petition and the required statutory bond. The state court no doubt has jurisdiction of the subject-matter, but is ousted of jurisdiction to proceed farther in the action. It often occurs that a court has jurisdiction of the subject-matter, but has not of the particular subject of the action. To illustrate: A court may have jurisdiction of the subject of ejectment, but if it is made to appear that the real estate, the subject of the action, is not within the county where such an action must be brought and tried, the court cannot proceed further in that action.

The legislature has full and complete control over justices' courts. With regard to these it may confer or withhold special jurisdiction of particular matters within constitutional limitations at pleasure. It may therefore provide that a justice's court in a certain class of cases may be ousted of jurisdiction upon making certain facts to appear by affidavit or otherwise. It may do this conditionally or unconditionally. If it has provided a condition upon which this may be done, and the condition is complied with, it does not follow that another condition applicable to another state of facts must also be applied to the particular case in hand. The legislature having in plain terms stated the condition to be performed, and in equally plain terms fixed the consequences that follow, the courts have no right to either impose other conditions or to avoid the consequences upon the ground that the particular statute does not provide for all emergencies. If the legislature prescribes the particular thing to be done, and determines what the result shall be, the courts are powerless, although the result, to some extent, may be incongruous. Where in adopting a statute or in amending one the legislative intent is clear, the courts must give it effect, al-

though the statute or amendment, in the judgment of the court, is not in strict harmony with all other statutory provisions. The intention of the legislature, in my judgment, is clearly and unmistakably to the effect that the court costs were not to be imposed upon the defendant as a condition of obtaining a change of the place of trial; that the justice's court was ousted of all power to proceed or to do anything further in the action except to transfer the papers as directed upon the filing of the affidavit, and that, therefore, the proceedings of the justice after the filing of the affidavit were without force or effect.

The contention that the district court erred in dismissing the action is, in my judgment, wholly immaterial. This is not a proceeding to review errors. The proceeding is one to compel the district court to assume jurisdiction of the case and to proceed to try it. If my conclusion is correct that the justice's court had no authority to try the case and enter judgment, then the district court is equally without authority to do so. By any possible construction of all the provisions of the statute pertaining to the proceedings in justices' courts, the respondent Wood was at least entitled to have his case tried in the justice's court before it could be tried in the district court. This right was denied him, and the petitioner now demands that the district court be compelled, by the writ of mandate from this court, to proceed to the trial of a case which the law clearly requires to be tried first in the justice's court.

The writ, in my judgment, should therefore be denied.

STRAUP, J.

I dissent. It is conceded that the action in the justice's court was commenced before a court of competent jurisdiction, and that the court had also acquired jurisdiction of the person of the defendant. The defendant appeared in the action, and made and filed a proper affidavit, and moved for a change of venue on the ground that the obligation sued on was not contracted, and that the defendant did not reside in

36 Utah—6

the precinct where the action was brought. The binding effect of the affidavit was recognized by the justice, and an order was made transferring the case to the precinct and city where the defendant resided. After he applied for and obtained the order, the defendant then failed and declined to pay the costs. Upon this failure so to do for 30 days the justice vacated the order for nonpayment of costs, entered the defendant's default for failing to plead to the complaint, and proceedings were had in the premises whereby a judgment was entered in favor of the plaintiff and against the defendant for $48.16. From the judgment so entered the defendant appealed to the district court on questions of both law and fact. After the transcript of the record was sent to the district court, that court, on motion of the defendant, refused to try the case anew, or to review any question of law or fact presented on the appeal, or otherwise to take jurisdiction, but dismissed the action on the ground that the justice lost jurisdiction of the case by the filing of the affidavit of the defendant for a change of venue.

The question to be decided involves the construction of section 3669 of the Revised Statutes of 1898 as amended in 1905, and section 3672, which was not amended. The sections relate to a change of venue and when allowed, and are a part of chapter seventy-three, prescribing the place of trial in justices' courts. They pertain alone to venue and not to jurisdiction. Before section 3669 was amended, it provided that the court must, at any time before trial, on motion, change the place of trial: (1) When the justice is a material witness; (2) when an impartial trial cannot be had because of the prejudice and bias of the justice, or (3) of the cititzens of the precinct when a jury is demanded; (4) when the justice is disqualified from acting; and (5) when he is sick or unable to act. Section 3672 provides: "After an order has been made transferring the action for trial to another court, the following proceedings must be had: (1) The justice ordering the transfer must immediately transmit to the justice of the court to which it is transferred, on payment by the

party applying of all costs that have accrued, all the papers in the action together with a certified transcript from his docket of the proceedings therein." Such were the provisions of the venue statute before section 3669 was amended. It is conceded that, under the provisions before the amendment, to effectuate a change of venue "the party applying" must pay "all costs that have accrued." In 1905 section 3669 was amended by adding another ground for a change, which is when the obligation was not to be performed, and the defendant did not reside in the precinct or city where the action was brought. The amendment further made the affidavit conclusive as to the facts deposed, and gave the court no discretion to inquire into or to determine the truth of the averments. It is now contended, and it is held by the majority of the court, that when an application for a change of venue is made on the ground added by the amendment, the party applying is not required to pay the costs as prescribed in section 3672. With such holding I cannot concur.

The section requiring the party applying for a change of venue to pay the costs was not in any particular repealed, amended, or modified. Before section 3669 was amended, section 3672 was an essential part of the procedure on change of venue. It still remained so after section 3669 was amended. Amending the statute by adding another ground for a change of venue in no particular affected the statute requiring the party applying for a change to pay the costs. I do not think it was contemplated by the legislature, when the amendment was made, that a party applying for a change of venue on one or more of the first five grounds specified in the statute must pay the costs in order to have the change perfected, but when applying on the sixth ground—the one added by the amendment—he is not required to pay the costs. Such an intention of the legislature could only have been manifested by a modification of section 3672. Giving section 3669 as amended such a meaning renders it in direct conflict with section 3672. The statute requiring the payment of costs does not provide "that the party applying for a change of venue upon one or more of the five grounds men-

tioned in section 3669 must pay the costs," but "the party applying" for a change of venue. It is quite clear to me that it was not the intention of the legislature to disturb the provision of the venue statute requiring the party applying for a change of venue to pay the costs; and therefore a party applying is required to pay costs whether the application is based on the sixth or on any other ground specified in the statute. To make a distinction with respect to the payment of costs requires something to be read into the statute not found there. Section 3669 deals only with the grounds upon which the venue may be changed. The amendment added another ground. That the affidavit was made conclusive of the facts deposed, and that the filing of it gave the justice no discretion to refuse the application for a change of venue, did not relieve the defendant, the party applying, from the payment of costs any more than if his application had been based upon the second ground specified in the statute, in which case the making and the filing of the affidavit are also conclusive and give the court no discretion in refusing the application. In determining the requisites to effectuate a change of venue, I think the majority of the court have made such determination from a consideration alone of section 3669 as amended. To properly ascertain whether a party has done all that is required of him to perfect a change of venue the several sections of the statute relating to venue and to the procedure must be read and construed together. When this is done it appears that several things are required to effectuate a change of venue: The party applying must make his application before trial; he must make and file an affidavit; he must also pay the costs that have accrued; the justice must then transmit the papers in the action. These things are all requisite to effectuate a change and to transfer the jurisdiction from one court to another. It is an elementary principle that statutes fixing the venue of actions confer a mere personal privilege, which may be waived. The justice, having jurisdiction of the subject-matter, and having also acquired jurisdiction of the person of the defendant, was authorized to proceed with the case, unless the defendant had

done all that was required of him to perfect a change of venue. The authorities are quite generally to the effect that, if a statute authorizing a change of venue requires the party applying therefor to pay the costs, in order to perfect the change of venue and transfer jurisdiction from one court to another, the costs must be paid. If not, the jurisdiction remains where it was, and the court is authorized to proceed with the case. (Works on Jurisdiction, p. 152; *Fawcett v. State*, 71 Ind. 590; *Oakley v. Dunn*, 63 Mich. 494, 30 N. W. 96; *Stryker v. Rivers*, 47 Iowa 108.)

The contention made that the jurisdiction of the justice was ousted by the filing of the affidavit because of the language contained in section 3669, as amended, that the justice's "jurisdiction over such action shall cease upon the filing of such affidavit for all purposes," except to transfer the cause, might be tenable if the defendant had complied with the other provisions of the venue statute, which are of equally binding effect. In order to effectuate a change of venue he was required to pay the costs just as much as he was required to make and file an affidavit. He was required to comply, not only with a part, but with all of the statute. And because of his failure to pay or tender the costs, he waived his right to have the cause transferred, and the jurisdiction of the justice's court remained where it was. The effect of the holding of the majority of the court is that, by reason of the filing of the affidavit by the defendant, and without the payment or tender of costs, the jurisdiction of the justice was ousted; that by the defendant's refusal to pay the costs the justice cannot be required to transfer the cause, and thus the defendant has not only suspended all further proceedings in the action and prevented a trial, but he has also put himself in the position that, if the justice attempts to further proceed in the case, the defendant is also entitled to have the action itself dismissed. I do not believe the legislature intended any such results. The plaintiff, having commenced his action before a court having jurisdiction of the subject-matter, and who also had acquired jurisdiction of the person of the

defendant, was entitled to have his case tried somewhere, and before some court.

Though all that is claimed by the majority of the court be conceded, I nevertheless question the correctness of the district court's ruling in refusing to take jurisdiction and in dismissing the action. If the inferior court did not have jurisdiction of the subject-matter, then of course the district court acquired no jurisdiction by reason of the appeal, in which case the action was properly dismissed. That the lower court did have jurisdiction of the subject-matter, and that it also had jurisdiction of the person of the defendant, is not disputed. The claim made is that by reason of the filing of the affidavit the court was thereafter unauthorized to further proceed with the cause. Justices' courts, having jurisdiction of the subject-matter and of the person, may do many things which are unauthorized, and which are in excess of jurisdiction, and which will void the judgment, but which do not void the action; and, by the taking of a general appeal to the district court, jurisdiction is conferred upon the latter court, with power to either try the case *de novo* or to vacate the judgment of the court below and to remand the case. Assuming, therefore, that the justice did not have authority, after the affidavit was filed, to further proceed with the cause, and that the subsequent proceedings were of no force or effect, still his attempt to proceed could not also render void the lawful proceedings had in the action before the filing of the affidavit, and thus void the suit itself. It is said, however, that when the justice's court has once been divested of jurisdiction it cannot be restored. The texts and cases using such expressions refer to subject-matter jurisdiction. The question here does not involve such jurisdiction. We are applying and construing venue statutes, statutes which confer a mere personal privilege which may be waived. Had the defendant proceeded to trial without applying for a change of venue, it of course is undoubted that he could not thereafter be heard to complain that the court was without jurisdiction. Nor could the defendant successfully make such contention, though before trial he had done all that was

requisite on his part to perfect a change of place of trial, but before the papers had been transmitted and the cause transferred, he had requested the court not to transmit the papers, but to proceed to trial. This but illustrates that the question does not involve subject-matter jurisdiction, but a mere personal privilege, and which pertains to personal jurisdiction. Now our Code provides that all cases appealed from justices' courts to the district court shall be heard anew. (Section 3745, Rev. St. 1898.) The authorities generally hold that, where the object of an appeal is to try the case anew in the appellate court, the taking of a general appeal is equivalent to an appearance, and gives the appellate court jurisdiction over the person, whether the lower court did or did not have such jurisdiction. The cases are collected and cited in 2 Ency. Pl. & Pr. 614. If the lower court had jurisdiction of the subject-matter, the district court also acquired such jurisdiction by virtue of the appeal; and, if the taking of a general appeal by the defendant on questions of both law and fact was equivalent to an appearance, the district court also acquired jurisdiction of the person of the defendant. If, therefore, the district court had jurisdiction of subject-matter, and also had jurisdiction of the person, I cannot see why it did not have jurisdiction of the action.

It, therefore, seems to me that the right which the defendant had to a change of venue was a mere personal privilege, and in order to avail himself of it and effectuate a 'change he was required to pay costs, and, having failed to do so, he waived the privilege, and the jurisdiction remained where it was, and the justice was authorized to proceed with the case. And, secondly, if this be not true, and it should be considered that the justice was unauthorized, after the filing of the affidavit, to further proceed, the attempt of the justice in so doing only voided such subsequent proceedings, but did not, *ipso facto,* void the action. And, as the district court, itself a court of original jurisdiction, had by virtue of the appeal acquired jurisdiction, both of subject-matter and of the person of the defendant, and was expressly authorized by statute to try the case anew, I see no reason why that court was

not authorized to try the case on its merits. At any rate, if the appeal did not confer jurisdiction upon the district court to try the case *de novo* I do not see why appellate jurisdiction was not conferred to review the ruling of the justice's court, to vacate the proceedings subsequent to the filing of the affidavit, and to remand the cause with directions to transfer it. I see no authority of the district court to dismiss the action. What was said by us in the case of *Sanipoli v. Pleasant Valley Coal Co.*, 31 Utah, 114, 86 Pac. 865, I think applies here. We there said: "If the court of the county where the action was commenced had jurisdiction of the subject-matter, and the defendant was there subject to the process of that court, but by reason of some constitutional or statutory provision he had the right to insist that the action be tried in another county, we see no authority of the court to dismiss the action, as was here done by it."

ON APPLICATION FOR REHEARING.

FRICK, J.

Counsel for petitioner has filed an application for a rehearing, in which he most strenuously insists that the majority opinion is wrong, in that it offends against the provisions of both the Federal and state Constitutions, and that the conclusions reached are contrary to the general rules of construction. We shall not at this time enter into details, but shall limit the further discussion to a few general observations.

It is urged with much earnestness that we erred in holding that the facts stated in the affidavit for a change of place of trial are conclusive upon the parties and the justice; and it is further contended that it is not within the power of the legislature to declare that certain evidence shall be conclusive and binding upon the courts. We are not disposed at this time to enter upon a discussion with respect to when and for what purpose the legislature may or may not declare certain evidence conclusive and binding upon the courts, for the reason that the question is not now involved. The question with regard to conferring or withholding jurisdiction

is always and everywhere legislative, and not judicial. Courts are created, and their jurisdiction and powers are determined, either by the Constitution, or by statute. A court cannot create its own powers; they must be conferred, either generally or specifically. With regard to justice's courts the Constitution of this state, in section 8, art. 8, expressly provides that the legislature "shall fix by law their powers, duties and compensation." It is also provided in the same section that the legislature may restrict the jurisdiction of such courts. The legislature may thus determine of what matters, and when and how justices' courts shall acquire and exercise jurisdiction. This is just what the legislature did in adopting the amendment in question. The claim of counsel that it was not within the power of the legislature to oust the justice of jurisdiction by filing a statement under oath, in which certain facts are made to appear, is not tenable. If the legislature may provide that certain statements contained in a pleading or affidavit shall confer jurisdiction, it may also provide that certain statements, when made in conformity to law, shall deprive the justice thereof. The contention that a party must be given a right to contest the truth of the statement is more plausible than sound. If a plaintiff brings an action in a justice's court within its jurisdiction, and the defendant files an answer in which he sets forth any of the matters which ousts the justice of jurisdiction as provided in section 3674, may the plaintiff contest the facts stated in the answer, and be permitted to show that the facts are false, or that the answer is not made in good faith, and that the justice has in fact jurisdiction? No one would so contend, and yet it may ultimately be determined that defendant's claims were not well founded, and that the case was in fact one of which the justice had jurisdiction. In this regard is there any distinction whatever between ousting the court of jurisdiction of the subject-matter and in ousting it of jurisdiction of the subject of the action? We think not. In either case the statement is made the test of jurisdiction and power to act, and with this test the courts may not arbitrarily inter-

fere. Counsel's contention that the statement in the affidavit that the defendant resides out of the precinct, or that the obligation upon which the action is founded, may not be true, and that the plaintiff should be heard upon these questions of fact, is a matter for the legislature to deal with, and not the courts. The remedy in case of a willful false statement in this regard is by a prosecution for perjury, and not by an appeal to the courts to declare the law unconstitutional. The legislature has given no other remedy, and the courts can give none.

Counsel quotes from the books to show that we have ignored the rules of construction in holding that the general provision with regard to the payment of costs does not apply to the amendment in question. In holding as we did we aimed to follow that which is universally conceded to be the duty of all courts, namely, to declare the intention of the legislature, as the same is manifested by what it said in view of the end or object it sought to attain. When this intention is clear, all the ordinary rules of construction fail. These rules are mere aids to be used for the purpose of arriving at the legislative intention. They are servants, not masters; they may assist, but they cannot control. In this connection it seems to us that counsel has overlooked a primary rule of construction, which is that, if there is any conflict or incongruity between an earlier and later enactment upon the same subject, the later, and not the earlier, act controls. It is the earlier, and not the later act, that is modified. For the purposes of this case section 3672, Rev. St. 1898, stands just as it was with respect to all other grounds for which a change of place of trial can be had. It is in no way affected by the amendment, nor does that section in any way affect the amendment itself. The amendment provides an entirely new ground for which the place of trial may be changed. In this new ground the justice was purposely and designedly ousted of all power to proceed further with the case upon the filing of the affidavit required by the amendment. The statute by its own terms makes the change of the place of

trial, and the justice after the filing of the affidavit can act, not judicially, but ministerially, merely in transmitting the papers. It is made his imperative duty to do so; he can do nothing else.

It seems that in the state of Missouri the courts had to deal with a similar question, and it was there held under the old statute that if the justice refused to make the order for a change of place of trial, his error in so refusing was unavailing, except by a direct attack upon the judgment, for the reason that he had jurisdiction of the subject-matter, and his acts were erroneous merely. To remedy this matter the legislature of that state adopted an amendment, which provided "that when such affidavit for a change of venue shall be filed, the justice shall have no further jurisdiction in the case, except to grant such change of venue." In passing upon this language, in the case of *O'Reilly v. Henson,* 97 Mo. App. 493, 71 S. W. 109, the court said: "It is plain that the mere application, in due form, ousts the justice of jurisdiction of the case." In that case, however, it was claimed that the justice had retained jurisdiction because the defendant, after filing his affidavit, and the denial of the justice to grant the change, had participated in the trial. But the Court of Appeals held otherwise. It held that under the amendment above quoted, upon the filing of the application for a change, the justice was ousted of jurisdiction, and that unless the application was withdrawn, he could not legally do anything in the action, and that the judgment was void for want of jurisdiction. The question has been before that court many times and in various ways, but it has uniformly held that the mere filing of the affidavit ousted the justice of all power to proceed, and that any judgment rendered by him after the application is filed is void, and subject to collateral attack. (*Jones v. Pharis,* 59 Mo. App. 254; *State v. McCracken,* 60 Mo. App. 650; *Endicott v. Hall,* 61 Mo. App. 185; *Baskowitz v. Guthrie,* 99 Mo. App. 304, 73 S. W. 227.) In *State v. McCracken, supra,* the justice refused to transfer the case unless the costs were paid, but the court compelled him to do so, notwithstanding the costs were not paid.

In *Endicott v. Hall, supra,* it was held that the justice had
no power to compel the payment of costs as a condition to
making the transfer of the case. No other conclusion is
either logical or permissible. If the justice is ousted of jur-
isdiction upon the filing of the affidavit, this ends his powers
in the case. Even if costs were to be allowed against a de-
fendant, such an allowance is not made a condition upon
which the change is to be made by the amendment under con-
sideration, and to hold that a change is not effected unless
the costs are paid would, in our judgment, amount to a palpa-
ble disregard of a plain statutory provision, and would be
in defiance of the manifest intention of the legislature.

Counsel also vigorously assails the majority opinion be-
cause, as he says, we have given no reasons in support of the
conclusions reached. In this regard we remark that the
courts are not called upon to advance reasons why legisla-
tures pass certain laws. We have neither the time nor the
disposition to give reasons why the legislature may think
proper to either pass a new law or to amend an old one.
While to do this may be proper enough, still we must content
ourselves, as a general rule, where the law is attacked, with
a mere statement of the grounds upon which we hold the law
either good or bad. Moreover, if we should attempt to argue
and reason out all the questions that are presented by coun-
sel, our opinions would grow to impracticable lengths. Some
things admit of being reasoned out. Others do not. But
what counsel want is not reasons, but a decision in their fa-
vor. This is what counsel wants in this case, and this we are
unable to give him without doing violence to our own judg-
ment and convictions. In all such instances we, not coun-
sel, must assume the responsibility.

After giving the matter further consideration upon coun-
sel's application, we are firmly of the opinion that the con-
clusions reached in the former opinion are sound, and that
counsel has advanced no valid argument why the judgment
there announced should not be adhered to. The application

for a rehearing therefore should be, and accordingly is, denied.

McCARTY, J., concurs.

NOTE. At time case was decided (in 1908) W. M. McCARTY was Chief Justice, and D. N. STRAUP, Associate Justice. Justice McCARTY's term expired January 1, 1909, at which time Justice STRAUP became Chief Justice. Justice McCARTY was re-elected, making him now, at the time of this denial of the petition for rehearing, Associate Justice.