STATE ex rel. BROOKS v. FIRST JUDICIAL DISTRICT COURT OF CACHE COUNTY, et al.

No. 2539. Decided November 13, 1913 (136 Pac. 785).

1. CRIMINAL LAW—DISQUALIFICATION—PREJUDICE. Comp. Laws 1907, section 5132, relating to criminal procedure in justices' courts, provides that a change of place of trial may be had before the trial commences, sections 239, 240, make the general

Code of Criminal Procedure relating to justices' courts applicable to city justices, and section 242 provides that, where any city justice is disqualified, the mayor shall appoint some other justice of the peace residing within the county. *Held*, that a showing of prejudice of a city justice was a disqualification within the meaning of the statute, and that defendant in a criminal case was required to proceed under section 242, and not under section 5132. (Page 503.)

2. CRIMINAL LAW—PREJUDICE—OUSTER OF JURISDICTION. Whether considered under Comp. Laws 1907, section 5132, relating to criminal procedure in justices' courts, and granting a change of venue on affidavit that defendant believes that he cannot have a fair and impartial trial before the city justice, or under section 242, allowing such affidavits against justices of a city court, the filing of an affidavit in the language of the statute did not oust the justice of jurisdiction. (Page 503.)

3. CRIMINAL LAW—CERTIORARI—PROCEEDINGS—QUESTION PRESENTED FOR REVIEW. On *certiorari* to review the overruling by the district court of defendant's motion to dismiss on the ground that the city justice below was ousted of jurisdiction of a prosecution for selling liquor by the filing of an affidavit of prejudice, so that the district court itself was without jurisdiction on appeal, proceedings in a similar case against relator, and his conviction and satisfaction of the judgment against him, could not be considered when in the instant case such proceedings were not pleaded as former jeopardy. (Page 505.)

CERTIORARI by the State of Utah on the relation of Leo D. Brooks against the First Judicial district court of Cache County, State of Utah; *Hon. J. D. Call,* Judge, and Smithfield City, a municipal corporation.

RULING OF DISTRICT COURT TO DISMISS AN ACTION AGAINST RELATOR AFFIRMED; TEMPORARY RESTRAINING ORDER REVOKING RECORD RETURNED TO THE DISTRICT COURT.

*E. A. Walton* for relator.

*Nebeker, Thatcher & Bowen* for defendant.

STRAUP, J.

We, on *certiorari,* are asked to review proceedings of the district court in a case appealed to it from a city justice, and

to prohibit further threatened proceedings of the case in the district court. In an action before J. H. Meikle, the city justice of Smithfield City, Cache County, wherein Smithfield City was plaintiff, and the relator, Brooks, defendant, a complaint was filed on the 3d day of June, 1913, charging the relator with selling at Smithfield City intoxicating liquors, beer and whisky, to one A. E. Petersen on the 14th day of May, 1913, in violation of an ordinance of Smithfield City. Before trial, Brooks filed an affidavit "that he has reason to believe, and does believe, that he cannot have a fair and impartial trial of this action before the justice of the peace before whom the same is pending and about to try the same by reason of the bias and prejudice of said justice." Upon that a motion was made "to change the place of trial to another justice" of the county. The justice overruled the motion. Brooks then demanded a jury, who, on the 14th day of June, 1913, convicted him. On that verdict a judgment was rendered, sentencing him to pay a fine of $250, and to be imprisoned in the city jail of Smithfield City for sixty days. From that judgment, and the whole thereof, Brooks prosecuted an appeal to the district court. After the record had been transmitted to that court, and on the 15th day of August, 1913, Brooks, on written notice, moved the district court to dismiss the action, on the grounds that the district court had no original jurisdiction to try the case on the merits, and that the justice was ousted of jurisdiction by the filing of the affidavit for a change of venue. The district court denied the motion, ordered Brooks arraigned, took and entered his plea of not guilty, and set the case for trial on the 28th of August. Upon the affidavit of Brooks containing the foregoing matter, a writ was issued requiring a certified copy of the record to be transmitted to this court, and a temporary restraining order was issued. The record so transmitted shows the proceedings as heretofore set forth.

The relator contends that the filing of the affidavit before the city justice ousted that court of jurisdiction, and, as that court was then without jurisdiction to further proceed, except to transmit the papers to another justice of the county,

the district court acquired no jurisdiction by the appeal, and, since that court had no original jurisdiction of the action, it was wholly without jurisdiction to try the case.

The relator relies on Comp. Laws 1907, section 5132, relating to the criminal procedure of justices' courts. That section provides that a change of place of trial may be had at any time before the trial commences.

"When the defendant files an affidavit in writing, stating that he has reason to believe, and, does believe, that he cannot have a fair and impartial trial of the action before the justice about to try the same, by reason of the bias or prejudice of such justice, the action must be transferred to a justice of the county agreed upon by the parties, or, if there is no agreement, to the nearest justice within the county to which such objection does not apply."

By reason of that section it is contended that, when the affidavit was filed, merely in the language of the statute, the justice was ousted of jurisdiction, except to transfer the case to another justice of the county. We do not think the section applicable. The statute has created city justices of the peace. The case was commenced and was pending before the city justice of Smithfield.

Comp. Laws 1907, section 239, provides:

"The city justice of the peace shall have exclusive original jurisdiction of cases arising under or by reason of the violation of any city ordinance, and shall have the same powers and jurisdiction as justices of the peace in all other actions, civil and criminal."

The next section provides:

"The rules of practice and mode of procedure in a city justice's court shall be the same as are or may be prescribed by law for justices' courts in like cases, except as herein otherwise expressly provided. From all final judgments of a city justice's courts an appeal may be taken by either party in a civil case, or by the defendant in a criminal case, to the district court of the county, in the manner provided by law for appeals from justices' courts in similar cases."

Section 242:

"If a vacancy shall occur in the office of a city justice, the mayor, by and with the consent of the city council, shall forthwith fill such vacancy by appointment for the unexpired term. The person so appointed shall qualify in the same manner as a city justice, and shall have and exercise all the powers conferred by law upon such city justice. In case any city justice shall, for any reason, be unable or disqualified to perform the duties of his office, or shall be absent, the mayor shall appoint some other justice of the peace, residing within the county, to act as city justice of the peace *pro tem.,* and he shall have the powers, and discharge the duties, of such city justice, during the existence of such disability or absence only, in the same manner, and to the same extent, as the city justice might have done."

It therefore appears that the general Code of Criminal Procedure relating to justices' courts applies to city justices of the peace, except as otherwise provided by the statute creating city justices. Such statute provides that, "in case any city justice shall, for any reason, be unable or disqualified to perform the duties of his office," the mayor shall appoint some other justice of the peace residing within the county. Now, is a showing of prejudice and bias of the justice a disqualification within the meaning of the statute? We think it is (23 Cyc. 582; *In re Peyton,* 12 Kan. 398), and hence the relator, for relief on his alleged ground of bias and prejudice, was required to proceed under section 242 and not 5132.

In the next place, the filing of such an affidavit as here— merely in the language of the statute—does not under either section oust the justice of jurisdiction. The relator to support a contrary contention relies on the case of the *State ex rel, Gallagher v. Dist. Court,* 36 Utah, 68, 104 Pac. 750. We do not think that case supports his contention. It involved the consideration and application of section 3669, R. S. 1898, and as amended by section 1, ch. 92, Sess. Laws 1905, and section 3672. They relate to a change of venue in civil actions before justices' courts, and provide that, when an affidavit is filed, as by that statute provided, "the

court must change the place of trial without motion being made therefor, and his jurisdiction over such action shall cease upon the filing of such affidavit, for all purposes" except to transfer the case. We think the statutes are dissimilar. In the one the legislature expressly provided that upon the filing of the affidavit the jurisdiction of the justice "over such action shall cease for all purposes" except to transfer the case, and because of such express declaration was it held in the Gallagher Case that the filing of the affidavit ousted the justice of jurisdiction. In the other the statute contains no such declaration. We are therefore of the opinion that the filing of the affidavit, whether considered under section 242 or 5132, did not oust the justice of jurisdiction, and hence the appeal conferred jurisdiction on the district court both of subject-matter and person, who, under the statute, was required to hear and try the case *de novo*. It therefore follows the district court did not exceed jurisdiction by refusing to dismiss the action and proceeding with the case.

There is another matter attempted to be presented. After the petition for the writ had been filed, the writ issued, and return made thereof, and on the day of the hearing thereof, the relator filed a written "suggestion," in which he stated that subsequent to the issuance of the writ such proceedings were had in the district court, in a case wherein the State of Utah was plaintiff and the relator defendant, "as to fully conclude, adjudicate, and determine the merits of the matters sought to be reviewed herein, namely, that on said date (August 29, 1913), as is shown by conclusive evidence, namely, transcripts duly certified of the record of said court herewith attached, the said L. D. Brooks (the relator) was in jeopardy of, and convicted of, and suffered and satisfied the judgment of said court for, said offense." Upon that we are asked to prohibit further proceedings of the district court in the case of Smithfield City against the relator. The certified transcript of the record referred to shows that on the 28th of June, 1913, a complaint was filed before William Brangham, a justice of the peace in and for Logan precinct, Cache County, in an action wherein the State of Utah was

plaintiff and the relator defendant, and wherein it was charged that he "on or about the 15th day of May, 1913, at Smithfield precinct, county of Cache and State of Utah," did unlawfully sell intoxicating liquors, beer and whisky, to A. E. Petersen, contrary to the statute in such case made and provided. To that complaint the relator pleaded not guilty, and further pleaded the action commenced before the city justice wherein Smithfield City was plaintiff and the relator defendant, and pending on appeal in the district court in bar and in abatement. It does not directly appear by the record that the relator was convicted in the justice's court; but it does affirmatively appear that he, in that case, appeared before the district court for arraignment, entered his plea of not guilty and a plea of former conviction and once in jeopardy. Thereupon that case was set for trial, and later called for hearing. The relator then withdrew his plea of not guilty, and entered a plea of guilty, upon which a judgment was rendered and entered that he pay a fine of $250. That judgment was paid and satisfied.

Now, because of such proceedings had in the case of the state against the relator, and the payment and satisfaction of the judgment by him, it is urged that we prohibit the district court from further proceeding with the case of Smithfield City against the relator. The matter is not properly before us. The relator asked and was granted a review of the proceedings had in the case of Smithfield City against the relator, and to restrain the district court from further proceeding in that case upon the alleged ground, as heretofore stated, of want of jurisdiction. Then, on a review of that record, we are asked to restrain the court from further proceeding in the case because of the proceedings had in the case of the state against the relator, when such proceedings were no part of the proceedings had in the case of Smithfield City against the relator. That is, in the district court, in the case of Smithfield City against the relator, former conviction or once in jeopardy was not pleaded. If the proceedings and judgment in the case of the state against the relator constitute a former conviction and once in

jeopardy, and a bar to a further prosecution of the case of Smithfield City against the relator, then, to be availing, is he required to plead them in defense? He might as well ask us to restrain the district court from further proceeding with the case of Smithfield City on the ground that he is not guilty as to ask us to restrain that court from further proceeding on the ground that he had a good plea of former conviction or once in jeopardy. And as such pleas have not as yet been interposed, we are thus asked to review something which has not yet been presented to the district court. Whether the proceedings and judgment in the case of the state against the relator constitute a former conviction or once in jeopardy, and may successfully be pleaded in bar to the further prosecution of the Smithfield City Case, we express no opinion.

The ruling of the district court in refusing to dismiss the action is therefore affirmed, the temporary restraining order revoked, and the record returned to the district court.

Such is the order.

McCARTY, C. J., and FRICK, J., concur.