[No. 15927.    Department Two.—June 23, 1896.]

HENRY VROOMAN, RESPONDENT, *v.* LI PO TAI, DEFENDANT. A. C. FREESE, ADMINISTRATOR, ETC., APPELLANT.

PRACTICE — FAILURE TO SERVE OR RETURN SUMMONS — DISMISSAL OF ACTION. — Subdivision 7 of section 581 of the Code of Civil Procedure, providing for the discontinuance and dismissal of actions unless the summons has been issued within one year, and served, and return thereon made within three years after the commencement of the action, or unless appearance has been made by the defendant within said three years, is prohibitory and mandatory, and is not unconstitutional so far as it is made applicable to pending suits.

ID.—APPEARANCE OF DEFENDANT.—A defendant, by taking from the plaintiff and filing a stipulation extending his time to answer, and by accepting and acting upon an agreement contained therein to grant successive extensions in consideration of certain payments made, does not appear in the action, within the meaning of said section 581; and such facts will not operate to prevent a dismissal of the action for a failure to return the summons within the time limited by the section.

ID.—ADMINISTRATOR CANNOT WAIVE STATUTE.—The administrator of the estate of a deceased person being prohibited from allowing or paying any claim against the deceased which is barred by the statute of

limitations, cannot, by appearing and answering a supplementary complaint in an action originally brought against the deceased, in which the summons was not returned within the time limited by the statute, waive the objection.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. J. M. SEAWELL, Judge.

The facts are stated in the opinion of the court.

*J. D. Sullivan,* and *Alexander D. Keyes,* for Appellant.

*R. H. Countryman,* and *W. M. Willett,* for Respondent.

*G. W. McEnerney,* and *E. B. & George H. Mastick, amici curiæ.*

TEMPLE, J.—This appeal is from a judgment of foreclosure. The action was commenced July 23, 1877, in the district court. Summons was issued and served on the same day, but was not returned or filed until September 26, 1893. The only question involved in the appeal is whether the right to prosecute the action has been lost under the provisions of section 581 of the Code of Civil Procedure.

Li Po Tai never formally appeared in the action, but July 31, 1877, Messrs. Howe and Rosenbaum procured a stipulation from plaintiff's attorney granting an extension of time, which was filed August 6, 1877. Upon this was indorsed: "Howe and Rosenbaum, attorneys of defendant, Li Po Tai." By whom this indorsement was made was not shown; but, as it is the custom of lawyers to have all papers filed similarly indorsed, it is presumed that it was done by the consent and direction of the persons named. The same custom demonstrates that it was not intended as a signature in any sense.

It was shown that the same firm negotiated with plaintiff's attorneys for a stay of proceedings, and procured a stipulation from the attorneys for the plaintiff, whereby plaintiff acknowledged the receipt of all interest due and costs which had accrued, including the fees

of plaintiff's attorneys, and one thousand dollars of the principal sum due; in consideration of which an extension of thirty days was granted, and it was stipulated that another extension of thirty days would be given if defendant then paid one thousand dollars and interest; and, if defendant thereafter paid the interest monthly, monthly extensions would be granted for one year, but if the defendant " shall fail to make any of the payments aforesaid at the time above specified, the plaintiff may take his default in the action, and enter judgment therein for the amount unpaid," etc.

Thereupon defendant made payments from time to time—the last being five hundred dollars, on the fifth day of December, 1892. And it was doubtless in consideration of these payments that plaintiff delayed his action.

On the third day of April, 1893, Li Po Tai died. An administrator having been appointed, plaintiff presented his claim against the estate, and procured a substitution of the administrator in the action. He then filed a supplemental complaint setting up the death of defendant and the presentation and rejection of his claim. To the supplemental complaint defendant interposed a general demurrer, which was overruled. He then answered, and in his answer denied that summons had ever been issued or was served on Li Po Tai, and denied that the summons had been returned or that Li Po Tai had made default. Plaintiff recovered judgment.

On the nineteenth day of March, 1889, section 581 of the Code of Civil Procedure was amended by adding subdivision 7. (Stats. 1889, p. 398.) It reads as follows: "And no action heretofore or hereafter commenced shall be further prosecuted, and no further proceedings shall be had therein, and all actions heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced, on its own motion, or on motion of any party interested therein, whether named in the complaint as a party or not, unless summons shall have been issued in one year and served, and return thereon made within three years

after the commencement of said action, or unless appearance has been made by the defendant or defendants therein within said three years." This provision is very sweeping, and is expressly made applicable to pending suits. It is prohibitory, otherwise it would have no force at all. The courts were already authorized and required to dismiss suits upon motion when there had been culpable failure to prosecute. To hold this statute directory would, therefore, be to repeal it. Then the language could hardly indicate more plainly the intent that it shall be mandatory. Besides being absolute in form it contains a prohibitory clause—"and no further proceedings shall be had therein." Such a negative cannot be, and never has been, considered as directory merely.

I see no point in the suggestion as applied to this case that such a statute is unconstitutional, so far as made applicable to pending suits. The most that could be claimed would be that in such case a party would be allowed the entire period of three years after the law took effect. Here three years was allowed to pass after the statute took effect before the summons was filed.

As authority for this construction we have the following cases in regard to the retroactive effect of statutes of limitation. (*Nelson* v. *Nelson*, 6 Cal. 430; *Lehmaier* v. *King*, 10 Cal. 373; *Scarborough* v. *Dugan*, 10 Cal. 305.)

But it is contended by respondent that by taking and filing the stipulation extending the time to answer, and by accepting and acting upon the agreement to grant successive extensions in consideration of certain payments made, defendant appeared in the action. Section 1014 of the Code of Civil Procedure defines what shall constitute an appearance. A defendant appears in an action when he answers, demurs, or gives written notice of his appearance, or when an attorney gives notice of an appearance for him, and he can appear in no other way. This statute was intended to settle all disputes upon the subject. There can be no chance for argument about equivocal acts. *State* v.

*McCullough,* 3 Nev. 202, seems to be the other way, but the reasoning is far from satisfactory. There was no need of a statute to tell us that the acts specified would constitute appearance. The occasion for a rule was to dispose of questions upon which there might be dispute. There was no such appearance in this case.

The defendant entered into no stipulation in regard to the case. Plaintiff granted him certain privileges, reserving the right to enter default and judgment in case defendant failed to comply with the conditions. These facts would constitute a good showing against a motion to dismiss for lack of prosecution if it were not for the mandatory statute.

In the case of *Kreiss* v. *Hotaling,* 99 Cal. 383, the question was whether the amendment to section 581 of the Code of Civil Procedure, above referred to, prohibited the court from an exercise of its discretion in dismissing a case for want of prosecution before the expiration of three years. It was held that the new statute did not interfere with the discretion of the court in that respect.

It is next contended that when the administrator appeared and answered the supplemental complaint he waived the objection. It is unnecessary to decide the point made that the court lost all jurisdiction in the case, and that no further proceedings could be had even by consent of both parties. Here the defendant was an administrator. The claim of plaintiff was barred by the statute of limitations. The administrator is prohibited from allowing or paying any claim which is barred. To waive the objection here would be to allow such a claim to be collected. In other words, the administrator would be voluntarily paying a claim which is barred. No such consent could be given so as to bind the estate.

This rule is applicable to all trustees. (*Emerson* v. *Thompson,* 16 Mass. 428; *Waltham Bank* v. *Wright,* 8 Allen, 121; *Amoskeag* v. *Barnes,* 48 N. H. 25; *Rhoads* v. *Rhoads,* 43 Ill. 239; *Lenox* v. *Notrebe,* 1 Hemp. 225.)

The judgment is reversed and the cause remanded, with directions to dismiss the suit.

McFARLAND, J., and HENSHAW, J., concurred.

Hearing in Bank denied.