[S. F. No. 1865.   In Bank.—September 29, 1899.]

CHARLES G. WHITE, Petitioner, v. SUPERIOR COURT OF CITY AND COUNTY OF SAN FRANCISCO, Respondent.

FORECLOSURE OF MORTGAGE— DELAY TO SERVE SUMMONS UPON MORT-GAGOR—DISMISSAL—ORDER FOR ALIAS SUMMONS—PROHIBITION. — A delay of more than three years in the service and return of the original summons, in an action to foreclose a mortgage, imperatively requires the dismissal of the action under subdivision 7 of section 581 of the Code of Civil Procedure, upon motion of the mortgagor, who made no general appearance in the action. The superior court has no discretion to refuse such dismissal; and has no power, under section 408 of that code, to order the issuance of an *alias* summons against the mortgagor, and prohibition will lie to prevent such order.

ID.—ADVANCE TO MORTGAGEE BY ASSIGNEE — DELAY AT REQUEST OF MORT-GAGOR — ESTOPPEL — DEFENSE TO PROHIBITION.—The fact that the mortgagor, instead of appearing in the action, procured a third party to advance the money to the mortgagee, and to take an assignment of the cause of action, and to give him further time for payment, and that the service of summons was delayed at the request of the mortgagor, does not estop him from moving to dismiss the action after such delay as entitled him thereto in obedience to the command of the law, and is not a defense to the writ of prohibition to prevent an order to issue an *alias* summons.

ID.—RIGHTS OF MORTGAGOR — REMEDY BY APPEAL. — The remedy by an appeal from any judgment that might be finally rendered against the mortgagor in the foreclosure suit is not a speedy or adequate remedy for his present right to a dismissal of the action, and to the writ of prohibition asked for.

PETITION for writ of prohibition from the Supreme Court to the Superior Court of the City and County of San Francisco. J. B. C. Hebbard, Judge.

The facts are stated in the opinion of the court.

W. H. Barrows, for Petitioner.

Pringle & Pringle, and Edward J. Pringle, for Respondent.

BEATTY, C. J.—Original proceeding by prohibition. The petitioner made a mortgage of his land. The mortgagee commenced an action to foreclose July 8, 1893, and summons was issued the same day, but the same was never served or returned. Some parties named as codefendants with the mortgagor, upon the ground that they claimed some interest in the mortgaged premises, voluntarily appeared in the action, but the petitioner never appeared. Instead of appearing in the action he procured a third party to advance the money to satisfy the claims of the mortgagee, and to give him further time to make payment. Said third party paid the amount due the mortgagee, took an assignment of the mortgages and of the cause of action, and allowed matters to rest in that situation until the 7th of August, 1897, when she filed an amended complaint and procured the issuance of an *alias* summons. This *alias* summons was quashed on motion of the petitioner, and a second *alias* summons issued and served, which was likewise quashed for some informality. At the time of moving to quash the second *alias* summons, the petitioner also moved the court to dismiss the action upon the ground that no summons had been served or returned within three years, and upon the ground that no new or *alias* summons could issue. The court refused to dismiss the action, and the judge announced that he would order the issuance of a third *alias* summons upon the payment to petitioner by plaintiff of the sum of twenty-five dollars costs. Plaintiff tendered that sum, but petitioner refused to accept it and commenced this proceeding to prohibit the superior court from ordering the issuance of another *alias* summons.

We do not see how the conclusion can be avoided that the superior court had no power to issue an *alias* writ (Code Civ. Proc., sec. 408) and no discretion to refuse to dismiss the ac-

tion as against the petitioner. (See Code Civ. Proc., sec. 581, last clause.) The case is in all essential respects the same as *Vrooman v. Li Po Tai,* 113 Cal. 302, in which this provision of the statute was held to be constitutional and mandatory.

Upon the facts set forth in the answer of respondent, his counsel contend that petitioner had actual notice from the very beginning of the pendency of the foreclosure suit, and that it was at his request, and for his benefit, that plaintiff therein failed to procure service of the summons. For which reason they claim petitioner is estopped from alleging the failure to make service and return of the writ. It is true that the affidavits set forth in the answer exhibit the conduct of the petitioner in a very unfavorable light. From a moral point of view it is wholly indefensible, and we are not surprised that the judge of the superior court should have felt strongly disinclined to dismiss the action against him. But it remains true that he is only claiming what the law commands, and his case is no worse than that of any debtor who pleads the statute of limitations against a just demand. The circumstances relied upon as an estoppel are substantially the same as in the Li Po Tai case, *supra,* in which the statute was strictly applied and enforced.

Respondent also claims that, notwithstanding the issuance of an *alias* summons may be an excess of jurisdiction, still the writ of prohibition should not issue, because the petitioner has a plain, speedy, and adequate remedy in the ordinary course of law by appeal from any judgment that may finally be rendered against him in the action. Such remedy by appeal is, perhaps, plain, but can hardly be called speedy or adequate. Petitioner has a present right to the dismissal of the action as against himself, and the removal of the lien by which his property is encumbered, and such right cannot be protected or enforced by an appeal from a possible judgment in the action to foreclose.

We think the case is a proper one for the issuance of a peremptory writ of prohibition, and it is so ordered.

Temple, J., Van Dyke, J., and Harrison, J., concurred.