[S. F. No. 2107.   In Bank.—March 28, 1900.]

MODOC LAND AND LIVESTOCK COMPANY, Petitioner, v. SUPERIOR COURT OF MODOC COUNTY et al., Respondents.

Summons—Failure to Return in Three Years—Prior Service—Dismissal of Action—Jurisdiction—Prohibition.—By the imperative terms of section 581 of the Code of Civil Procedure, upon failure of the plaintiff to cause the summons to be returned with proof of service within three years after the commencement of the action, notwithstanding the summons was actually served within that period, and, although the lapse of time until the return may be but a few days after the expiration of the three years, the court must dismiss the action, and has no jurisdiction to proceed further therein, and will be restrained from so doing by the writ of prohibition.

WRIT of prohibition from the Supreme Court to restrain the Superior Court of Modoc County from proceeding with the trial of a cause.   J. W. Harrington, Judge.

The facts are stated in the opinion of the court.

Spencer & Raker, and Clarence A. Raker, for Petitioner.

G. F. Harris, and Goodwin & Goodwin, for Respondents.

HARRISON, J.—Application for a writ of prohibition. An action to recover a specific sum of money was commenced against the petitioner in the superior court of the county of Modoc by one Healey, September 5, 1896, by filing a complaint on that day. Summons was issued upon the complaint September 4, 1897, and with a copy of the complaint was served upon the defendant (the petitioner herein) August 7, 1899. September 11, 1899, said defendant gave to the plaintiff a notice of motion to dismiss the action upon the ground that more than three years had elapsed since the commencement thereof, and the summons

had not been served and return thereon made. The summons, with the officer's certificate of service attached thereto, was delivered to the plaintiff's counsel August 10, 1899, and was retained by him until September 16th, on which day he delivered it to the clerk, and it was then filed in that office, together with the sheriff's certificate of service indorsed thereon. The motion to dismiss the action came on for hearing September 26th, when the above facts were shown to the court and the motion was denied, the judge ruling and holding that the court still had jurisdiction of said action and would proceed therewith until such proceedings were had as would result in a judgment. Petitioner thereupon called the attention of the court to its want of jurisdiction to take any further action in the case, by reason of the provisions of section 581 of the Code of Civil Procedure, but the defendant judge stated that the court would proceed with and try the case and render judgment therein.

The petition for the writ sets forth the foregoing facts, and has been submitted to the court upon a demurrer thereto on behalf of the respondents.

There is no substantial difference between this case and the case of *Vrooman v. Li Po Tai*, 113 Cal. 302. In that case it was held that under the provisions of section 581 of the Code of Civil Procedure, the failure of the plaintiff to cause the summons with proof of service thereof to be returned, within three years after the commencement of the action, deprived the court of jurisdiction to proceed with the trial of the cause and render judgment therein. True, in that case more than sixteen years had expired before the summons was returned, whereas in the present case the summons was returned only eleven days after the expiration of this period; but the statute imposes the penalty of dismissal in all cases where the return is made more than three years after the commencement of the action. The court is deprived of jurisdiction to take any other action than to dismiss the cause, whether one day or many years elapse before its attention is called to the subject. The declaration that "no further proceedings shall be had therein" is a statutory prohibition against any further proceedings, and, if the court should assume to act in disregard of this prohibition of the

statute, it would be acting without any jurisdiction.   (See, also, *White v. Superior Court,* 126 Cal. 245.)

The application for a peremptory writ is granted.

Garoutte, J., Van Dyke, J., Temple, J., Henshaw, J., and McFarland, J., concurred.