[S. F. No. 2557.    Department One.—January 12, 1904.]

ESTHER E. SWORTFIGUER, Appellant, v. CHARLES G. WHITE et al., Respondents.

ACTION TO FORECLOSE MORTGAGE—DISMISSAL—FAILURE TO SERVE AND RETURN SUMMONS.—An action to foreclose a mortgage, in which there was a failure to serve and return the summons within three years after the commencement of the action, and in which there was no appearance within that period, must imperatively be dismissed under the mandatory provision of subdivision 7 of section 581 of the Code of Civil Procedure.

ID.—LOSS OF JURISDICTION—AMENDED AND SUPPLEMENTAL COMPLAINT BY THIRD PARTY—VOID LIMITATION OF JUDGMENT OF DISMISSAL.— After the court had lost all jurisdiction of the action by a dismissal thereof, the filing of an amended and supplemental complaint by a third party substituted as plaintiff in the same action, more than four years after its commencement, and the subsequent appearance of one of the original defendants therein, cannot revive the former action so as to change the result; and an amended judgment limiting the former judgment of dismissal of the action to the original mortgagor, upon whose motion it was dismissed, was *ultra vires* and void.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco dismissing an action. J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court.

Pringle & Pringle, for Appellant.

The amended and supplemental complaint was virtually the commencement of a new action to foreclose a new mortgage bearing a greater rate of interest, made subsequent to the filing of the complaint, between different parties, the summons in which was issued within one year and served and returned within three years. (*Anderson* v. *Mayers,* 50 Cal. 525; *Atkinson* v. *Amador etc. Co.,* 53 Cal. 102, 105; *Jeffries* v. *Cook,* 58 Cal. 147; *Meeks* v. *Southern Pacific R. R. Co.,* 61 Cal. 149; *Peiser* v. *Griffin,* 125 Cal. 9; *Stockton etc. Works* v. *American Fire Ins. Co.,* 121 Cal. 182.)

William H. Jordan, Jordan, Treat & Brann, and W. H. Barrows, for Respondents.

An appearance after three years cannot preclude a motion to dismiss for failure to return the summons within that period. (*Grant* v. *McArthur,* 137 Cal. 270.) The writ of prohibition was *res adjudicata.* (*White* v. *Superior Court,* 126 Cal. 245.)

VAN DYKE, J.—This is an appeal from the judgment of the lower court dismissing the action. The defendant White, on the ninth day of July, 1888, made his promissory note to La Société d'Epargnes et de Prévoyance Mutuelle (a corporation), and on the same day executed a mortgage on his land to secure said note. On July 8, 1893, said corporation mortgagee commenced an action to foreclose said mortgage; summons was issued the same day, but was never served or returned. R. M. Murray and E. H. Hansen were made defendants, for the reason, as alleged in the complaint, that they claimed some interest in the premises covered by the mortgage. Defendant Hansen filed an appearance January 31, 1899, but there is no evidence in the record that defendant Murray ever appeared. Defendant White, instead of appearing in the action, procured Thomas M. Quackenbush to advance the money to satisfy the claims of the mortgagee, the French bank, and to give him further time to make payment.

Quackenbush thereupon paid the amount due the original mortgagee, the French bank, and took an assignment of the mortgage and of the cause of action, and allowed the matters thereafter to rest until November 11, 1896, when he assigned and transferred the notes and mortgages to his daughter, Esther E. Swortfiguer, who thereafter, on August 10, 1897, was substituted as plaintiff. And thereafter, on August 7, 1898, the substituted plaintiff and appellant herein filed an amended and supplemental complaint in said action, and caused a second *alias* summons to be issued thereon. The first *alias* summons issued before the filing of said supplemental complaint had been quashed on motion of the defendant White, and thereafter the second *alias* summons was likewise quashed for some informality. At the time of the motion to quash the second *alias* summons defendant White moved the court to dismiss the action. The court refused to dismiss the action, and announced that it would issue a third *alias* summons upon the payment by the plaintiff of the sum of twenty-five dollars costs, which was tendered and refused, and thereupon said defendant and respondent White applied to this court for a writ of prohibition directed against the superior court, and upon the hearing of that application this court issued a peremptory writ of prohibition. (*White* v. *Superior Court,* 126 Cal. 245.) In the opinion of the court in that case it is said: "Petitioner has a present right to the dismissal of the action as against himself, and the removal of the lien by which his property is encumbered, and such right cannot be protected or enforced by an appeal from a possible judgment in the action to foreclose." In *Vrooman* v. *Li Po Tai,* 113 Cal. 302, referred to and approved in *White* v. *Superior Court,* the provision of the Code of Civil Procedure, as amended in March, 1889, was set out and construed; the amendment adds subdivision 7 of section 581, and reads as follows: "And no action heretofore or hereafter commenced shall be further prosecuted, and no further proceedings shall be had therein, and all actions heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced, on its own motion, or on motion of any party interested therein, whether named in the complaint as a party or not, unless summons shall have been

issued within one year, and served, and return thereon made within three years after the commencement of said action, or unless appearance has been made by the defendant or defendants therein within said three years.'' In commenting upon that amendment to the section in question, this court, in the case of Li Po Tai, said: ''This provision is very sweeping, and is expressly made applicable to pending suits. It is prohibitory, otherwise it would have no force at all. The courts were already authorized and required to dismiss suits upon motion when there had been culpable failure to prosecute. To hold this statute directory would therefore be to repeal it. Then the language could hardly indicate more plainly the intent that it should be mandatory. Besides being absolute in form, it contains a prohibitory clause—'and no further proceedings shall be had therein.' Such a negative cannot be, and never has been, considered as directory merely.'' (See, also, to the same effect, *Grant* v. *McArthur,* 137 Cal. 270.) It is stated in appellant's brief that defendants Hansen and Murray appeared in said action. The record fails to show that Murray ever appeared, and the appearance of Hansen was over five years from the commencement of the action; and under the mandatory provisions in question of the Code of Civil Procedure and the decisions of this court such appearance cannot help out the case of the appellant. There having been no service and return made of the summons within three years from the commencement of the action, or appearance within that time by any of the defendants, that action was practically put an end to, and it was the imperative duty of the court to have dismissed it at the expiration of three years from its commencement; and the substitution of the appellant in place of the former plaintiff in that action, the French bank, over four years after the commencement of the action, and the filing of a so-called amended supplemental complaint thereafter could not revive the former action so as to change the result.

The order and judgment entered March 23, 1900, dismissing the action—from which this appeal is taken—was in accordance with the imperative command of the law. The court below thereupon lost all jurisdiction over the cause, and the so-called amended judgment of dismissal entered September

21, 1900, attempting to limit the former judgment of dismissal to defendant White alone, was *ultra vires* and void.

The judgment dismissing the action is affirmed.

Angellotti, J., concurred.

Shaw, J., concurred in the judgment.

A rehearing in Bank was denied February 11, 1904. Beatty, C. J., delivered the following opinion, dissenting from the order:—

BEATTY, C. J., dissenting.—I dissent from the order denying a rehearing, not because I differ with the court as to any points decided, but because the Department opinion completely ignores the only proposition upon which the appellant contended for a reversal,—the only proposition, that is to say, which at the close of the argument was contested. When Quackenbush furnished the money to satisfy the claim of the original mortgagee and took an assignment of its mortgage, he at the same time took from White a new mortgage to secure a new obligation. The supplemental complaint filed by appellant in 1897 counted upon this new mortgage, and within less than three years after the filing of the supplemental complaint the respondent Hansen entered his appearance in the action. The contention of appellant—and it was all he contended for in submitting his case—was, that as to the second mortgage, and the moneys thereby secured, the filing of the supplemental complaint was, in legal effect, the commencement of a new action, and that the voluntary appearance of Hansen within three years thereafter gave the court jurisdiction to foreclose the second mortgage as against him. This proposition may or may not be sound, but whether tenable or not, I think, since it presented the only question in the case, the appellant was entitled to have it stated and decided.