[S. F. No. 9528.   In Bank.—January 19, 1921.]

## P. M. DAVIS, Petitioner, v. SUPERIOR COURT OF THE STATE OF CALIFORNIA IN AND FOR THE COUNTY OF ALAMEDA et al., Respondents.

[1] DISMISSAL OF ACTIONS — FAILURE TO PAY TRANSFER FEES — CODE PROVISION MANDATORY.—The provision of section 581b of the Code of Civil Procedure for the dismissal of actions transferred from one county to another where the costs of filing the papers anew are not paid within one year after receipt by the clerk, is mandatory in its nature and addressed not only to the parties but to the court.

[2] ID.—VACATION OF JUDGMENT OF DISMISSAL—LACK OF JURISDICTION.—A court has no jurisdiction under section 473 of the Code of Civil Procedure to set aside, on the ground of mistake, inadvertence, and excusable neglect, a judgment dismissing an action transferred from another county on the ground that the filing fees had not been paid as provided by section 581b of the Code of Civil Procedure, where the only showing in regard to the failure to pay them was the neglect of the attorney to whom the money had been sent for that purpose.

[3] ID.—PREVENTION OF FURTHER PROCEEDINGS—RIGHT TO WRIT OF PROHIBITION.—A writ of prohibition will issue to prevent the superior court from proceeding further in an action after vacating a judgment of dismissal, notwithstanding the existence of the right of appeal from the order vacating the dismissal, where the court is without jurisdiction to further proceed except to again dismiss the action.

APPLICATION for a Writ of Prohibition to prevent the Superior Court of Alameda County from further proceeding in a personal action.   A. F. St. Sure, Judge.   Writ granted.

The facts are stated in the opinion of the court.

Frank L. Hain and R. M. Lyman, Jr., for Petitioner.

Street & Street for Respondent.

SHAW, J.—This cause was begun in the district court of appeal of the first district, and after decision by the second division of that court its judgment was vacated and the cause transferred to this court for rehearing.

The proceeding is for prohibition to prevent the superior court from further proceeding in an action before it, wherein Angie M. Davis and others were plaintiffs and the petitioner, P. M. Davis, was the defendant. The complaint in that action purported to state a cause of action for the reformation and enforcement of a certain written agreement. In its nature it was a personal action. P. M. Davis, the defendant in the action, was a resident of the county of Alameda. He appeared in the action in the county of Kern and procured an order of that court granting a change of venue to the county of Alameda on the ground that the defendant was a resident of that county and that the county of Alameda was the proper county for the trial of the cause. Thereafter the pleadings and papers in the case were transmitted to the clerk of the superior court of the county of Alameda and were delivered to him on May 22, 1917. The costs of filing the same anew in the county of Alameda were not paid by the plaintiff, or at all, within one year from the time they were received by the clerk as aforesaid, nor until after the making of an order dismissing the action. On October 22, 1919, on motion of the said defendant, petitioner herein, the superior court of the county of Alameda made and entered its order dismissing the said action upon the ground that said plaintiff had not paid the fees for filing the pleadings and papers anew in the superior court of Alameda County, as provided in section 581b of the Code of Civil Procedure. Afterward, on December 16, 1919, the plaintiff, Angie M. Davis, paid to the clerk the fees for filing the pleadings and papers anew, and thereupon moved the court to vacate and set aside its order dismissing the action, on the ground that the same was made through the mistake, inadvertence, and excusable neglect of said plaintiffs. The superior court granted this motion, made an order setting aside the previous judgment of dismissal, and it subsequently allowed the plaintiffs to file an amended complaint and proposes to proceed with the cause as if there had been no dismissal thereof.

Section 581b aforesaid provides as follows: ''No action heretofore or hereafter commenced, where the same was not originally commenced in the proper county, shall be further prosecuted, and no further proceedings shall be had therein, and all such actions heretofore or hereafter commenced must be dismissed by the court to which the same shall have been trans-

ferred, on its own motion, or on the motion of any party interested therein, whether named in the complaint as a party or not, where the costs and fees of transmission of the pleadings and papers therein to the clerk or justice of the court to which it is transferred, or of filing the papers anew, have not been paid by the plaintiff for one year after the time when such pleadings or papers shall have arrived in the custody of such clerk or justice."

[1] It will be observed that this provision is mandatory in its nature and that it is addressed not only to the parties but to the court, declaring that the court must of its own motion dismiss such an action where the costs have not been paid within the year specified. It is exactly the same in this respect as the provision of subdivision 7 of section 581 as amended in 1889 (Stats. 1889, p. 398) and now incorporated in section 581a by the act of 1907 (Stats. 1907, p. 712), which provides as follows: "And no action heretofore or hereafter commenced shall be further prosecuted, and no further proceedings shall be had therein, and all actions heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced on its own motion, or on the motion of any party interested therein, whether named in the complaint as a party or not, unless summons shall have been issued within one year, and served, and return thereon made within three years after the commencement of said action." The only difference is that the statute of 1889 used the word "shall" in the direction that the court shall dismiss the action upon its own motion or on motion of any party interested, whereas section 581b used the word "must" in that connection. By the statutes of 1907 incorporating the provision in section 581a, the word "must" is substituted for the word "shall" previously used therein. The two sections are, therefore, in all respects identical, and are to be considered as having the same effect in the cases for which they respectively provide. In the case of *Vrooman* v. *Li Po Tai,* 113 Cal. 302, [45 Pac. 470], the court had under consideration the effect of subdivision 7 of section 581 in a case where the summons had been issued when the action was commenced but had not been returned or filed within three years thereafter. After quoting the language of the code aforesaid, the court declared that it was prohibitory and not merely directory, that the courts were required to dismiss actions

where the condition of the statute had not been complied with, and that the right of the plaintiff to prosecute the action had been lost by the failure to return and file the summons. In a similar case (*Swortfiguer* v. *White,* 141 Cal. 576, 579, [75 Pac. 172]) the court says that the "action was practically put an end to, and it was the imperative duty of the court to have dismissed it at the expiration of three years from its commencement; and the substitution of the appellant in place of the former plaintiff in that action, the French bank, over four years after the commencement of the action, and the filing of a so-called amended supplemental complaint thereafter could not revive the former action so as to change the result." In *Modoc L. & L. Co.* v. *Superior Court,* 128 Cal. 255, [60 Pac. 848], where the summons was not returned within three years, it was said that "the court is deprived of jurisdiction to take any other action than to dismiss the cause, whether one day or many years elapse before its attention is called to the subject." *White* v. *Superior Court,* 126 Cal. 245, [58 Pac. 450], was a proceeding in prohibition in the case aforesaid, entitled *Swortfiguer* v. *White.* The application was made on the ground that the summons had not been served or returned within the three years, as required in subdivision 7 of section 581 above quoted. It was held that the court had no power to proceed further in the case and that the writ of prohibition should issue. After saying that the conduct of the petitioner in that case was wholly indefensible, the court said: "But it remains true that he is only claiming what the law commands, and his case is no worse than that of any debtor who pleads the statute of limitations against a just demand." To the proposition that the petitioner had a plain, speedy, and adequate remedy by appeal, and that, therefore, prohibition would not lie, the court said: "Such remedy by appeal is, perhaps, plain, but can hardly be called speedy or adequate. Petitioner has a present right to the dismissal of the action as against himself . . . and such right cannot be protected or enforced by an appeal from a possible judgment in the action to foreclose."

These authorities govern and settle the present case. Respondent argues that the court had jurisdiction, under section 473 of the Code of Civil Procedure, to set aside the judgment of dismissal, and that its order to that effect is therefore conclusive, except upon direct appeal. It may be conceded for

the sake of the argument that if the judgment of dismissal had been set aside on the ground that, although the fees had been paid in time, it was given by reason of some inadvertence and neglect of the plaintiff whereby she had failed to appear, or, having appeared, had failed or had been prevented from showing facts which would have justified a refusal to give that judgment, and she had, on the motion to vacate it, shown that she had good grounds on the merits for opposing the dismissal, the superior court would have had jurisdiction to vacate the judgment of dismissal, and that the order to vacate it could not be attacked by a proceeding in prohibition.

[2]    But that is not the case we have before us. The only answer that could have been made to the application for dismissal in the present case, and the only ground that would have been sufficient to warrant a vacation thereof after such judgment was given, would be that the fees for filing the pleadings and papers had actually been paid within the year allowed by section 581b, or, possibly, that the plaintiff had been prevented from making such payment by some fraud or other conduct of the defendant that would have created an estoppel against him to claim the benefit of the provisions requiring a dismissal. There was no attempt to set forth any such ground. It was admitted that the fees were not paid until after the year had expired. The only showing in regard to the failure to pay them was that the attorney for the plaintiff, who resided at Taft, in Kern County, had retained an attorney in Oakland to represent the plaintiff and had sent him the money to pay such fees, and that the Oakland attorney had received the money but had failed to pay the fees therewith, or at all. It was not claimed that the defendant had done anything to induce the failure to pay, or that he was aware thereof, or of any other thing done in the attempt to pay.

It appears, therefore, as matter of law, from the facts disclosed by the moving papers, that the fees had not been paid in time. This being the case, it follows, under the plain provisions of section 581b and the principles established by the decisions above cited in regard to the meaning and application thereof, that the superior court had then no power or jurisdiction to entertain the motion or to do anything in the action except to dismiss it. If there had been no judgment of dismissal at that time, the only duty resting upon

the court and the only power it had, from the admitted facts, was to enter a judgment of dismissal. And this was a continuing duty and the sole power of the court even after it had made the order vacating the dismissal. Instead of then giving leave to plaintiffs to amend their complaint it should have dismissed the action. It had no power to do anything else. The merits of the action are not material to the question. As has been said, the case is similar in this respect to a statute of limitations. (*White* v. *Superior Court, supra.*)

[3] With regard to the remedy by appeal, the facts are that the order vacating the judgment of dismissal was made on January 2, 1920; that it was a special order made after final judgment and was appealable, and that the right of appeal expired on March 2, 1920. (Code Civ. Proc., sec. 963, subd. 2.) On that day the present proceeding in prohibition was begun in the district court by the filing of the petition upon which that court issued an order to show cause. While the existence of the right of appeal at that time might have been a sufficient reason for that court to have then refused to entertain the petition (*Glougie* v. *Superior Court,* 169 Cal. 675, [147 Pac. 972]), yet, in view of the fact that the superior court was then, and ever since has been, without power or jurisdiction to proceed further in the action, as we have shown, but nevertheless proposes to do so, and that further proceedings of any kind, except to again dismiss the action, would be void, we are disposed to grant the writ, rather than put the parties to further vexation and useless expense by further attempts to prosecute it. The question is largely one of discretion, and we deem it the better policy to terminate the proceedings forthwith.

Let a peremptory writ of prohibition issue forbidding the said superior court or any judge thereof from proceeding further in the action therein above referred to, wherein Angie M. Davis et al. are plaintiffs and P. M. Davis is defendant.

Olney, J., Wilbur, J., Sloane, J., Angellotti, C. J., and Lawlor, J., concurred.