[Civ. No. 5554. Second Appellate District, Division Two.—March 7, 1927.]

J. NAPOLITANO, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

[1] JUSTICE'S COURT—APPEAL—FAILURE TO BRING TO TRIAL WITHIN YEAR—DISMISSAL.—Under section 981a of the Code of Civil Procedure the superior court, on plaintiff's motion, properly dismissed a case on appeal from a justice's court judgment which was not brought to trial until after the expiration of one year, although trial had been had in the superior court by oral stipulation of the parties after one year, and judgment had been rendered for defendant.

[2] ID.—SUPERIOR COURT—JURISDICTION.—When a justice's court appeal is not brought to trial within one year from the time it is filed in the superior court, under section 981a of the Code of Civil Procedure that court is deprived of jurisdiction to take any action thereon except to dismiss the appeal.

[3] ID.—EXTENSION OF TIME—STIPULATIONS.—Under section 981a of the Code of Civil Procedure, the only method through which jurisdiction may be preserved in the superior court to try an appeal from a justice's court after the expiration of one year from its filing is by written stipulation of the parties, filed with the clerk of the superior court.

[4] ID.—CONTINUANCE—ORAL AGREEMENT—ESTOPPEL—WAIVER.—On appeal from a judgment of a justice's court, the fact that plaintiff orally agreed to a continuance beyond the time which the superior

---

2. See 15 Cal. Jur. 547.
3. See 15 Cal. Jur. 546.

court, under section 981a of the Code of Civil Procedure, had jurisdiction, did not constitute either an estoppel or a waiver of his right to move to dismiss the appeal for want of prosecution, even after trial and judgment thereon for defendant in the superior court.

(1) 35 **C. J.**, p. 806, n. 79.

APPLICATION for Writ of Certiorari to review an order of the Superior Court of Los Angeles County. Hon. Elias V. Rosenkranz, Judge thereof, dismissing a Justice's Court appeal. Writ denied.

The facts are stated in the opinion of the court.

Andreani & Haines for Petitioner.

E. M. Torchia for Respondents.

CRAIG, J.—We are asked to vacate an order of the Superior Court of Los Angeles County dismissing an appeal from a judgment of the justice's court, rendered in an action of Agustino Riggio against J. Napolitano, petitioner herein.

[1] It appears without conflict that the case on appeal was not brought to trial until after the expiration of one year from the date of its filing in the Superior Court. It was set for trial therein on the sixth day of December, 1926. At the time of being set down for trial counsel for both sides were present in court, and orally stipulated to the date which was fixed; on December 6, 1926, both sides were present, and the case was tried. The petition alleges that judgment was then rendered in favor of the defendant, petitioner. No return was made by respondents, and so this statement must be accepted as true, although the clerk's transcript contains no copy of the judgment. Thereafter counsel for Riggio moved the court to set aside the judgment and to dismiss the appeal. No stipulation in writing extending the time for trial was filed as permitted by section 981a of the Code of Civil Procedure. Nevertheless, the court proceeded to trial without objection from either side, and rendered judgment before its attention was called to the fact that the trial had not taken place within

the time allowed. The motion was then made and was granted. In this the Superior Court only performed its duty.

[2] Decisions dealing with the various statutes of limitation which merely provide for the time within which actions may be begun are not in point, for such provisions may be waived otherwise than by written stipulation filed in court. Neither are cases construing section 583 of the Code of Civil Procedure to be regarded, because the last-named section merely directs the dismissal of an action not brought to trial until after the limited time has elapsed. (See *Miller & Lux, Inc.*, v. *Superior Court,* 192 Cal. 333 [219 Pac. 1006], and *Rio Vista Min. Co.* v. *Superior Court,* 187 Cal. 1 [200 Pac. 616].) These statements apply equally to such cases as *Price* v. *Smith Mfg. Co.,* 53 Cal. App. 303 [200 Pac. 53], cited by petitioner, holding that notwithstanding the statute of frauds, under certain circumstances an oral agreement will be upheld on the principle of estoppel. But section 981a prohibits further prosecution of an appeal when the appellant shall not have brought it to trial within one year from the time of its filing in the Superior Court. This prohibition is substantially the same as that established in sections 581a and 581b of the Code of Civil Procedure, and their language has been construed adversely to petitioner's contention. The question is one of jurisdiction. The prohibition against further action is one which deprives the court of the authority to take any action except to dismiss the appeal. (*Vrooman* v. *Li Po Tai,* 113 Cal. 302 [45 Pac. 470]; *White* v. *Superior Court,* 126 Cal. 245 [58 Pac. 450]; *Modoc Land etc. Co.* v. *Superior Court,* 128 Cal. 255 [60 Pac. 848]; *Beal* v. *Superior Court,* 78 Cal. App. 33 [247 Pac. 922].) The fact that the trial took place and that judgment was rendered does not alter the situation. These steps were in excess of the court's jurisdiction, and void, and this is true because section 981a does not direct that the appeal be dismissed upon motion or when the situation is called to the attention of the court, but it prohibits any further proceedings after the time within which the appeal may be brought to trial shall have expired. [3] Under this enactment but one method is provided through which jurisdiction may be

81 Cal. App.—41

preserved in the Superior Court to try an appeal from the justice's court after the time limited shall have passed, and that is "by written stipulation of the parties to the action, filed with the clerk of the superior court to which the appeal is taken." There can be no mistake as to the intention of the legislature. Any other means of expressing consent than that provided in the statute is necessarily ineffective.

[4] The principles of estoppel have no application here, for it is not pretended that the conduct of Riggio in participating in the trial in any way induced Napolitano to neglect to bring the appeal to trial as required by law, and it is obvious that this cannot have been the case; and the mere fact of having agreed orally to a continuance beyond that time does not constitute either an estoppel or a waiver. (*Sauer* v. *Superior Court*, 74 Cal. App. 580 [241 Pac. 570], and cases to which reference is therein made.) The opinion in *Nolan* v. *Hentig*, 138 Cal. 281 [71 Pac. 440], cited by petitioner, plainly declares that the objection goes to the manner in which jurisdiction is obtained, rather than to the jurisdiction of the court. Hence, that decision is not in point.

The writ is denied.

Works, P. J., and Thompson, J., concurred.

An application by petitioner to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 5, 1927.