[Civ. No. 5534.   Second Appellate District, Division Two.—April 1, 1927.]

## J. H. DONNER, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

[1] APPEALS—JUSTICE'S COURT—LAPSE OF YEAR—JURISDICTION—SUBSEQUENT STIPULATION.—Where a justice's court appeal is not brought to trial within one year, as prescribed by section 981a of the Code of Civil Procedure, jurisdiction of the superior court to do any act except to direct a dismissal is lost, and the jurisdiction thus lost cannot be restored by subsequent stipulation of the parties.

(1) 15 C. J., p. 725, n. 85, p. 826, n. 96; 35 C. J., p. 812, n. 64.

PROCEEDING in Mandamus to compel the Superior Court of Los Angeles County, and Hugh J. Crawford, Judge thereof, to vacate orders dismissing justice's court appeals. Writ denied.

The facts are stated in the opinion of the court.

Jennings & Belcher for Petitioner.

Everett W. Mattoon, County Counsel, Homer I. Mitchell, Deputy County Counsel, J. D. Pollock and A. D. Mitchell for Respondents.

CRAIG, J.—Two cases, entitled *Upland Realty & Insurance Company* v. *J. H. Donner* and *Montrose McCann and E. O. Bowden* v. *J. H. Donner,* were appealed from the justice's court to the Superior Court of Los Angeles County, but were not brought to trial within the year following the date upon which the appeals were filed.   [1]  For thirteen days after the one year expired no steps were taken to have the appeals dismissed, and no attempt was made by the parties to comply with the requirements of section 981a of the Code of Civil Procedure with regard to preserving the jurisdiction of the Superior Court to hear them.   At the end of that time, however, the parties to both actions entered

1.   See 15 Cal. Jur. 546.

into and filed stipulations which provided "that the time of trial on appeal in the superior court of the above-entitled actions, and each of them, may be, and the same is hereby extended so that the trial of said actions, and each of them, may take place after the period of one year has elapsed from the time of taking the appeals in said actions; and that said actions, nor either of them, shall not be dismissed for failure to bring same to trial within the period of one year after the taking of said appeals." Thereafter the respondent Court dismissed both appeals upon the ground that it had lost jurisdiction to try them, and that jurisdiction could not be conferred by the stipulations. It is sought by this proceeding to have the dismissals set aside. The Superior Court merely performed its plain duty in dismissing these appeals, for it was without discretion.

Section 981a provides: "No action . . . appealed from the justice court . . . shall be further prosecuted, and no further proceedings shall be had therein, and all such actions . . . must be dismissed by the court to which the same shall have been appealed, on its own motion, or on the motion of any party interested therein, . . . where the appealing party fails to bring such appeal to trial within one year from the date of filing such appeal . . . unless such time be otherwise extended by a written stipulation by the parties to the action . . ."

Construing this provision, we recently held in *Napolitano* v. *Superior Court,* 81 Cal. App. 639 [254 Pac. 647], that the prohibition against further prosecution contained in the above section deprives the court of authority to take any other action except to dismiss the appeal; that the direction requiring a dismissal is mandatory, and that where the appeal is not brought to trial within one year from the date of its filing the jurisdiction of the superior court is lost in so far as taking any action other than dismissing the appeal is concerned. We also concluded that the jurisdiction of the superior court to try the case could be preserved only by a written stipulation on the parties, extending the time for trial; that although the appeal therein considered was actually tried, the superior court's action in dismissing it before rendering judgment was proper, since with the expiration of the period of ' one year from the date of the filing of the appeal all authority to do any act except to

direct a dismissal had been lost, and the steps which the court had taken were void. A jurisdiction which has been lost cannot be restored by stipulation. (*Sauer* v. *Superior Court,* 74 Cal. App. 580 [241 Pac. 570].)

The question is undoubtedly one of jurisdiction. In the instant case the authority of the Superior Court to try these appeals entirely passed away. Its jurisdiction died, and remained dead for thirteen days before the parties attempted to bring it to life through the futile gesture of then stipulating that the court might do that which the law prohibited. The language which the legislature has employed in section 981a is mandatory; its meaning is unmistakable. It not only directs the dismissal, but it expressly prohibits any other steps to be taken. Jurisdiction is a right to adjudicate concerning the subject matter of a given case. (*Harrington* v. *Superior Court,* 194 Cal. 185 [228 Pac. 15].) Section 981a prohibits the court from making such adjudication after the statutory period has elapsed, unless the parties have stipulated in writing to extend the time for trial of the appeal. When, as in said section, the statute expressly withdraws the power to do an act after a fixed period, it is mandatory, and the court is without jurisdiction to act against this inhibition. (*Cake* v. *City of Los Angeles,* 164 Cal. 705 [130 Pac. 723].) That the jurisdiction of the court is terminated with the expiration of the period after which further action is prohibited has been decided in a number of California cases interpreting sections of the code worded practically the same as 981a. Section 581a provides:

"No action heretofore or hereafter commenced shall be further prosecuted, and no further proceedings shall be had therein, and all actions heretofore or hereafter commenced must be dismissed by the court in which the same shall have been commenced, on its own motion, or on motion of any party interested therein, whether named in the complaint as a party or not, unless summons shall have issued within one year, and all such actions must be in like manner dismissed, unless the summons shall have been served and return thereon made within three years after the commencement of said action. . . . "

In *Sauer* v. *Superior Court, supra,* referring to the contention of the respondent that the stipulation signed by the petitioner waiving the latter's right to ask for a dismissal,

it is said: "To adopt this view of the matter would be, in effect, to deny that at the time when said stipulation was made the court had lost jurisdiction of the case, or to hold that, by stipulation of the parties, a jurisdiction which had been lost could be resumed. Neither of these alternatives can be accepted."

Language similar in all material respects to that contained in sections 581a and 981a of the Code of Civil Procedure is also to be found in section 581b. This provision was held to be mandatory in its requirement that no further proceedings shall be had in an action transferred as provided therein from one county to another where certain fees and costs have not been paid by the plaintiff for one year "after the time when such pleadings or papers shall have arrived in the custody of such clerk or justice." It was there said that the superior court should have dismissed the action because of the plaintiff's failure to pay the costs as required, and that the court "had no power to do anything else." The same principle is announced and made the basis of decision in *Davis* v. *Superior Court,* 184 Cal. 691 [195 Pac. 390], *Beal* v. *Superior Court,* 78 Cal. App. 33 [247 Pac. 922] , *Swortfiguer* v. *White,* 141 Cal. 576 [75 Pac. 172], *Siskiyou County Bank* v. *Hoyt,* 132 Cal. 81 [64 Pac. 118], *Modoc Land & Livestock Co.* v. *Superior Court,* 128 Cal. 255 [60 Pac. 848], *White* v. *Superior Court,* 126 Cal. 245, [58 Pac. 450], and *Vrooman* v. *Li Po Tai,* 113 Cal. 302 [45 Pac. 470].

The foregoing decisions all recognize the mandatory character of the section now before us or others almost identically worded. These authorities govern and determine the present proceeding, for they establish the principle beyond dispute that when the year allowed by section 981a has expired, and no written stipulation is before the court extending the time, jurisdiction to take any other step except to dismiss the appeal is lost, and it is elementary that such jurisdiction when once lost cannot be conferred or revived by stipulation.

Petitioner relies upon *Rio Vista Mining Co.* v. *Superior Court,* 187 Cal. 1 [200 Pac. 616], in which it was determined that the written stipulation made after the expiration of the five-year period limited in section 583 of the Code of Civil Procedure had the effect of tolling the operation of

the statute. We think the provision of that section is plainly distinguishable from that contained in section 981a. Section 583 contains no inhibition against steps being taken other than the ordering of a dismissal, as does section 981a. The decision itself clearly recognizes this distinction. Referring to section 583, it is said:

"There is, moreover, nothing in the wording of the statute in question to deprive the court of jurisdiction upon the mere lapse of five years. It is only after due notice to plaintiff that it may be dismissed on motion of the defendant, and until the actual dismissal, there appears no reason why the matter of going to trial should not remain subject to the stipulation of the parties.

"Unlike the preceding sections, 581a and 581b, directing dismissals upon failure to issue and return summons within a specified period, or upon failure to pay fees on transfer of actions, section 583 does not require that such actions shall not be 'further prosecuted and no further proceedings shall be had therein,' after the limited time has expired. The provision of section 583 for an extension of time for trial by stipulation of the parties, and directing notice, before dismissal on motion of the plaintiff, would suggest that even a dismissal on the court's own motion would contemplate some previous determination as to whether or not such stipulation between the parties existed. Under sections 581a and 581b the writ of prohibition has been upheld to prevent further exercise of jurisdiction in actions coming under these provisions (*Modoc Land Co.* v. *Superior Court,* 128 Cal. 255 [60 Pac. 848]; *White* v. *Superior Court,* 126 Cal. 245 [58 Pac. 450]), and such dismissal can be had without notice to either of the parties. (*Ransome-Crummey Co.* v. *Wood,* 40 Cal. App. 355 [180 Pac. 951].)

"The only relief granted under section 583 by our decisions has been to require, on proper showing, that an order of dismissal be entered, upon the assumption that until such dismissal is made or demanded the parties are at liberty to treat the action as pending and within the jurisdiction of the court."

It is true that in another part of the opinion it is said that if the parties had actually tried the case it would not be disputed that a judgment following such trial would be valid; and further, that if the parties could waive the right

to object, under such circumstances they could confer jurisdiction by stipulation. Of course this statement must be considered in connection with the interpretation of section 583, above quoted. It cannot be said that the opinion goes further and holds that under a statutory prohibition against the prosecution of an action, such as those contained in sections 581a, 581b, and 981a, the parties may by stipulation set at naught the mandate of the law. It should be observed also that none of the cases cited in *Rio Vista Min. Co.* v. *Superior Court, supra,* to the effect that "where a cause of action is within the jurisdiction of a court, the voluntary appearance of the parties and submission of the cause on its merits confers jurisdiction to try the issues presented," in any way touch upon the question of the right to confer jurisdiction by stipulation where the statute declares that it shall not exist. For example, *Allen* v. *Allen,* 159 Cal. 197 [113 Pac. 160], held that since the superior court has general jurisdiction to determine title to real property, that matter might be litigated in a divorce proceeding where the parties have submitted that issue, although as a general rule the superior court in such a proceeding has no jurisdiction to pass upon the question of the separate property of the spouses. This proposition is easily differentiated from the one here under consideration. There the superior court had general jurisdiction to determine title to real property. Were the law, organic and statutory, to be so altered as to provide that after a certain time no further steps should be taken in any action involving title to real property, the situation would be rendered similar to that presented under section 981a in the instant case. Under this section, after the year has expired within which the appeal may be heard by the superior court, it has no jurisdiction, general or otherwise, to pass upon any issue presented therein.

The writ of mandate must therefore be denied, and it is so ordered.

Thompson, J., concurred.

WORKS, P. J., Concurring.—I concur in the judgment and in everything that is said in the foregoing opinion, with the exception that I am not in accord with the comments upon *Rio Vista Min. Co.* v. *Superior Court,* 187 Cal. 1 [200

Pac. 616]. I think the opinion in that case is out of harmony with other decisions of the supreme court upon kindred subjects. The only material differences between section 581 of the Code of Civil Procedure, which is dealt with in the case cited, and section 981a, are two. First, section 583 provides for notice of the motion for dismissal to be made by a party, while section 981a does not; but this difference in the letter seems not to effect a difference in the spirit of the sections. "It is, of course, beyond question that where a motion is required to be made for an order in a cause whereby the right of an adverse party may be affected, it must be upon notice to such party" (*Bohm* v. *Bohm,* 164 Cal. 532 [129 Pac. 981]). If it be said that a motion is not "required," within the meaning of this language of the supreme court, under either section 583 or 981a, because a dismissal may occur of the court's own motion, there seems to arise another and totally different reason for seeing no actual inharmony between the two sections in respect of the matter of notice. Beyond a doubt the court could of its own motion order a dismissal under section 583 after notice of motion given by a party and before the arrival of the day upon which, according to the notice, the motion of the party was to be made. This would appear to render nugatory the provision for notice in section 583 and place that section in the same condition with section 981a, for it was directly decided in *Rio Vista Min. Co.* v. *Superior Court* that the requirement of section 583 is mandatory where no stipulation has been made. It would appear, indeed, that the only office that a motion under either section can perform is to apprise the court of a situation under which it must act. There is therefore no legal difference between the sections as to the matter of notice. The second apparent difference between sections 583 and 981a lies in this: The latter section provides that after the expiration of the year following the perfecting of an appeal no action "shall be further prosecuted, and no further proceedings shall be had therein." Section 583 contains no such language, but as the express requirement of the enactment is mandatory, it would seem that the legislative intent was that no further proceedings should be had in actions coming within its inhibition. Its mandate operates directly upon the court and would seem to impose as insuperable a bar to the

exercise of jurisdiction as the language in section 981a to the effect that no action "shall be further prosecuted, and no further proceedings shall be had therein," unless a stipulation be entered into between the parties "extending" the time which would otherwise end with the passage of a year following the perfecting of an appeal.