[Civ. No. 8448. First Appellate District, Division Two.—April 14, 1932.]

ARVID PEARSON, Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent.

George D. Collins, Jr., and Alfred J. Hennessy for Petitioner.

Charles F. Rafferty for Respondent.

NOURSE, P. J.—This is an original proceeding seeking a writ of mandate requiring the respondent court to dismiss an action entitled *Schultze* v. *Morgan*.

The petitioner alleges that he is the surviving solvent partner in the ownership and possession of a certain boat named the ''Saxon''; that said partnership was composed of Louis Morgan and himself; that Morgan was duly adjudged bankrupt and that petitioner is in possession of and entitled to the possession of said boat for the purpose of liquidation of the partnership affairs; that on January 5, 1927, summons was issued in the case entitled *Schultze* v. *Morgan,* praying for the foreclosure of a chattel mortgage upon said boat; that said summons was directed to Louis Morgan and Mabel Morgan, his wife, the defendants in said action; that on January 26, 1927, summons and complaint in said action were served in the city and county of San Francisco upon said defendants; that the return of said summons was not made thereto until April 16, 1931; that no appearance was ever made by either of the defendants in said action; that on April 16, 1931, the default of said defendants was entered in said action for their failure to appear therein, and, on the basis of said default, judgment was entered decreeing the foreclosure of the chattel mortgage and ordering the sale of said boat. It was also alleged

that upon proper notice the petitioner herein applied to the superior court on November 12, 1931, for an order vacating said judgment upon the grounds that it was void for want of jurisdiction of the court to enter it. The respondent has appeared herein by demurrer and answer. The answer denies, for want of information and belief, the pertinent facts alleged in the petition, but at the time of the hearing upon the return of the alternative writ these facts were either stipulated to or proved by documents received in evidence, and we accordingly find that all the facts hereinbefore stated are true.

■ We will first address ourselves to the discussion between the parties as to these facts. The petitioner's ownership of or right to possession of the boat "Saxon" is material to his right to prosecute this proceeding as the party beneficially interested in having the former action dismissed. The conceded facts are that Pearson and Morgan entered into an agreement of partnership for the construction and operation of the "Saxon", and that Morgan was later adjudged a bankrupt. Pearson then retained possession of the boat as the surviving solvent partner and his right to such possession was confirmed by the United States Circuit Court of Appeal in *Pearson* v. *Higgins,* 49 Fed. (2d) 47, 49. Respondent's only answer to this proposition is that subsequent to the formation of the partnership Pearson gave Morgan notice of his rescission of the contract to purchase an interest in the boat and that he thereby dissolved the partnership. A complete answer to this argument is found in the case cited, and further citation is not necessary. ■ Secondly, it is argued that the respondent court was authorized to find that the defendants Morgan had in fact appeared in the action entitled *Schultze* v. *Morgan* because of the affidavit filed in response to petitioner's motion to dismiss wherein defendant Louis Morgan asserted that, after the service of the summons and complaint upon himself and his wife, they personally visited the office of the attorney for the plaintiff in said action, and then and there appeared in said action and gave to plaintiff written notice of their appearance. It is now argued by respondents that the statements in this affidavit constitute a conflict between the express finding made by the trial court in *Schultze* v. *Morgan* that no appearance had

been made. The conflict is such in name only. The judgment in *Schultze* v. *Morgan* was rendered solely upon the finding that no appearance had been made. The default of the defendants in that action was entered without notice to them upon the ground that they had failed to appear in answer to the summons. Because of this state of the record the assertions in the Morgan affidavit are mere conclusions of law and not statements of fact, and this court must rely upon the face of the record in *Schultze* v. *Morgan*, which shows conclusively that no appearance had been made. The code expressly provides how an appearance can be made in lieu of the service of process. (Code Civ. Proc., sec. 1014.) The same section requires service of notice of subsequent proceedings after appearance, but dispenses with such notice where the defendant has been served with process and fails to answer.

Upon this state of facts the petitioner's right to a peremptory writ of mandate stands uncontestable. As the owner, or the one entitled to the possession of the boat, he is a party beneficially interested in the dismissal of the action brought to foreclose a mortgage upon the boat. Section 581(a) of the Code of Civil Procedure provides that unless the summons shall be served and return thereon made within three years after the commencement of the action the action must be dismissed on the court's own motion "or on motion of any party interested therein, whether named in the complaint as a party or not." Because of the failure to make return of summons within the three-year period the trial court lost jurisdiction of the case on the very day that period expired, that is, lost jurisdiction to make any other order than a dismissal of the action. (9 Cal. Jur., pp. 533, 534; *Swortfiguer* v. *White,* 141 Cal. 576, 579 [75 Pac. 172]; *Vrooman* v. *Li Po Tai,* 113 Cal. 302, 304, 305 [45 Pac. 470]; *Davis* v. *Superior Court,* 184 Cal. 691, 694 [195 Pac. 390]; *Modoc Land etc. Co.* v. *Superior Court,* 128 Cal. 255, 256 [60 Pac. 848]; *Donner* v. *Superior Court,* 82 Cal. App. 165, 168 [255 Pac. 272], where additional cases are cited.) In *Swortfiguer* v. *White, supra,* it is said on page 579: "There having been no service and return made of the summons within three years from the commencement of the action, or appearance within that time by any of the defendants, that action was practically put

an end to, and it was the imperative duty of the court to have dismissed it at the expiration of three years from its commencement . . . The court below thereupon lost all jurisdiction over the cause."

■ Applying the rule of the foregoing decisions to the case at hand we must hold that because of the failure to comply with the provisions of section 581 (a), of the Code of Civil Procedure, the trial court lost jurisdiction over that cause on the date when the three-year period expired and that the entry of the judgment in favor of plaintiff upon a return of summons made four years after the commencement of the action was void upon the face of the record for want of jurisdiction; that the trial court then had jurisdiction in that proceeding to do nothing but dismiss the action upon its own motion or upon the motion of a party beneficially interested therein, and that the right of appeal from the order denying petitioner's motion to dismiss is not a speedy nor an adequate remedy. This was so held in *Davis* v. *Superior Court*, 184 Cal. 691, 696 [195 Pac. 390].

Let a peremptory writ issue as prayed.

Sturtevant, J., and Spence, J., concurred.