[Civ. No. 20793.   Second Dist., Div. One.   Apr. 19, 1955.]

RUTH BECKWITH, Appellant, v. COUNTY OF LOS ANGELES et al., Respondents.

Elon G. Galusha, G. H. Wende and Frank J. Ryan for Appellant.

Harold W. Kennedy, County Counsel, Lloyd S. Davis, Deputy County Counsel, Roger Arnebergh, City Attorney (Los Angeles), Bourke Jones, Assistant City Attorney, and Ralph J. Eubank, Deputy City Attorney, for Respondents.

THE COURT.—The instant action for damages for malfeasance of public officials and for false arrest was filed on July 18, 1951, and summons issued on that date. Nothing further was done by any of the parties until July 16, 1954, when a copy of the summons was filed and service was made on the county of Los Angeles and on defendant sheriff. Service on the city of Los Angeles was made on July 19, 1954.

Notices of motion to dismiss said action were filed by the city on July 22d and by the county and the sheriff on July 23d. These motions were based on lack of jurisdiction, in that no return of summons was made within three years after commencement of the action, as required by section 581a of the Code of Civil Procedure.

Proof of service as to each defendant was returned herein by filing affidavits thereof in the office of the county clerk on July 28, 1954. On that same day, the city of Los Angeles filed a general demurrer to the complaint.

At a hearing held on August 13, 1954, the trial court ordered the demurrer off calendar, and granted the respective motions to dismiss.

From the judgment which followed, plaintiff appeals.

It is here urged: (1) That it is the actual service of summons and not the return thereof which must be made within the required three-year period; and (2) That respondent city of Los Angeles by filing a general demurrer waived its right to insist upon a dismissal.

Section 581a, Code of Civil Procedure, under which respondents proceeded, reads:

"(*Dismissal on lack of prosecution.*) No action heretofore or hereafter commenced shall be further prosecuted, and no further proceedings shall be had therein, and all actions heretofore or hereafter commenced must be dismissed by the court in which the same shall have been commenced, on its own motion, or on motion of any party interested therein . . . unless summons shall have issued within one year, and all such actions must be in like manner dismissed, *unless the summons shall be served and return thereon made within three years after the commencement of said action,* except where the parties have filed a stipulation in writing that the time may be extended. *But all such actions may be prosecuted, if appearance has been made by the defendant or defendants, within said three years* in the same manner as if summons had been issued and served. . . ." (Emphasis added.)

*Frohman* v. *Bonelli,* 91 Cal.App.2d 285, 287, 291

[204 P.2d 890], holds that the provisions of said section are mandatory. ▮ And ". . . that the phrase 'all such actions must in like manner be dismissed, unless the summons shall be served and return thereon made within three years after the commencement of said action,' as used in section 581a of the Code of Civil Procedure, means that an action must be dismissed unless the summons is served and filed with the clerk of the court together with the officer's certificate of service, if it was served by an officer, or the affidavit of service of the person who served it, if it was served by any other person, within the three-year period." (See also *Atchison, T. & S. F. Ry. Co.* v. *Rollaway Window Screen Co.*, 101 Cal. App.2d 763, 767 [226 P.2d 763], and authorities therein cited, particularly *Modoc Land & Live Stock Co.* v. *Superior Court*, 128 Cal. 255 [60 P. 848], and *Vrooman* v. *Li Po Tai*, 113 Cal. 302 [45 P. 470].)

▮ The record herein discloses that the return of service was not made as to any of the respondents until July 28, 1954, more than three years after commencement of the instant action. It was therefore mandatory upon the trial court to dismiss the action upon motion.

▮ With respect to her second point, appellant asserts that respondent city appeared in the action by filing its demurrer to the complaint. The cited section requires that such appearance must be made within the three-year period. However, since respondent city's motion to dismiss and its demurrer to the complaint were both filed after the expiration of the three-year period, neither can operate as a waiver of said respondent's right to a dismissal under the provisions of said section 581a, *supra.*

For the reasons stated, the judgment is affirmed.

A petition for a rehearing was denied May 9, 1955, and appellant's petition for a hearing by the Supreme Court was denied June 16, 1955.